Emmett J. Schnepp, J.
Petitioner seeks an order pursuant to subdivision (a) of CPLR 7511 to vacate an arbitration award on the ground that the arbitrator exceeded his power. On April 12, 1973 the Board of Supervisors of the County of Ontario adopted a resolution requiring all employees retiring after June 30,1973 to contribute 100% of the cost of health insurance premiums. Pursuant to a resolution adopted on December 17, 1964, the county had previously paid 50% of the cost of health insurance for retired employees, who had been full-time employees for 10 successive years preceding retirement and who received a pension under the New York State Employees’ Retirement System.
Respondent, the exclusive negotiating agent of the employees of the county, filed a grievance alleging that the April 12, 1973 resolution was contrary to section 1 of article X of the collective bargaining agreement between the parties* and unilaterally abrogated a fringe benefit enjoyed by county employees since December 17, 1964. Petitioner contends that the health benefits for retirees were never the subject of negotiations and are not covered under the agreement. The arbitrator applied what is termed a “ past practices ” doctrine and found that, in view of the county’s consistent past practice since 1964, there existed an implied agreement to provide an important existing benefit and that it should continue to pay one half of the cost of the health benefits in question. He made an award dated August 22, 1973 granting the benefit to any employees in the bargaining unit represented by respondent, who retired from petitioner’s service after June 30, 1973 and was denied the benefit by virtue of the petitioner’s action in 1973.
Article XI of the current employment contract details grievance and arbitration procedures in connection with disputes arising out of the application or interpretation of the agreement, and denies to the arbitrator the power to “ add to, subtract from or modify any provisions of this agreement ”, *367 Article XXIII of the agreement provides: “ The foregoing constitutes the entire agreement between the parties, and no verbal statement or other agreement, except an amendment in writing annexed hereto and designated as an amendment to this Agreement shall supersede or vary the provisions herein.”
In applying the '‘ past practices ’ ’ doctrine the arbitrator did more than interpret the contract and he exceeded his powers in violation of CPLR 7511 (subd. [b], par. [1], subpar. [iii]). The contract applies to all employees of the petitioner, with certain exceptions, and it contains no provision relating to retired employees or to benefits for retired employees, except an obligation to provide the employees with pension and death benefits (art. XVI). Petitioner was required under the agreement to continue in force and pay the full cost of Blue Cross-Blue Shield hospital and medical care coverage, including all riders in force on December 31, 1970 and available to employees covered by the agreement (art. X). The arbitrator found that this article did not reasonably or even impliedly promise any health insurance coverage to retired employees and that “ the language is clear, not ambiguous at all, on this point.” “ Past practices ” were not referred to in the “ entire agreement ” between the parties. Provision for their inclusion and continuance could have been provided by a simple clause, if that had been the intent of the parties. Further, custom and past practice may be useful to establish the intent of contract provisions, which are so ambiguous or general as to be capable of different interpretations. This is not the case here. The arbitrator ignored the express provisions of this agreement and inserted a past practice as an implied part of the contract. His determination modified the contract by including a provision adding to its terms and in effect he made a new contract for the parties. The so-called past practice in question was not related to any specific contract term, and there is nothing to indicate that it was a factor which the parties took into account in their negotiations. The decision of the arbitrator makes it clear that he deliberately and intentionally considered matters outside the contract, and the court here does not have to speculate ‘ ‘ as to what has in fact occurred in the arbitral tribunal ”. (Matter of Granite Worsted Mills [Aaronson Gowen, Ltd.], 25 N Y 2d 451, 457.) The agreement between the parties is simply not susceptible to the construction given to it by the arbitrator (cf. Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377). In making the award he did not draw his conclusion from the agreement itself but went beyond the contract. This was not a mere error of judgment, either as to fact or law, but the clear *368 case of an. arbitrator rewriting the contract to the prejudice of the petitioner and the court must refuse to enforce the award. Accordingly the award of the arbitrator is vacated and the relief requested by the petitioner is granted.