■ In the Matter of SUPERINTENDENT OF SCHOOLS OF LIVERPOOL CENTRAL SCHOOL DISTRICT, Appellant, v UNITED LIVERPOOL FACULTY ASSOCIATION, Respondent.—Order unanimously affirmed, with costs. Memorandum: On August 15, 1977, just prior to the September commencement of the school year, the Director of Physical Education and Athletics at Liverpool Central School sent notice to the coaches specifying the dates that practice sessions for all the girls and boys fall sports teams would begin. All were to begin practice before school opened. As a a result, a grievance was filed based on the fact that the collective bargaining agreement between the school district and the teachers association specified that the teacher work year did not begin until September 6, 1977. The grievance proceeded through the first three stages without resolution and in March, 1978 the respondent associa-

tion notified the appellant school district of its intention to seek arbitration. The school district moved for a stay which was denied at Special Term and from this denial the district appeals. The first question raised relates to whether the agreement to arbitrate would violate public policy and whether the collective bargaining agreement encompasses the dispute. Its resolution involves an application of the two-step approach required in *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509). Appellant has not alleged in its moving papers that arbitration of the underlying dispute violates public policy under the Taylor Law. It argues, however, that there is no agreement to arbitrate this particular dispute. In view of the broad arbitration clause in the agreement which provides that the parties may submit grievances to arbitration and because "grievance" is defined as "any claimed violation of the Agreement" we find that the second step necessary to arbitration has been satisfied. Nor is appellant's argument that there must be some rational relationship between the violation and the terms of the contract persuasive in light of the statutory provisions which states: "In determining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501). The school district also urges upon us that the definition of "grievances" in the contract excludes those not based upon the agreement. That position has merit in this case only insofar as respondent teachers association rests its argument on violation of the collective bargaining agreement on the theory that past practices of the parties were ignored. Such a claim cannot serve as the basis for an arbitrator's award *(Matter of Civil Serv. Employees Assn., Steuben County v County of Steuben,* 50 AD2d 421, 425; *Matter of County of Ontario v Civil Serv. Employees Assn., Ontario County Ch.,* 76 Misc 2d 365, affd 46 AD2d 738); although the arbitrator may consider past practices in interpreting the meaning of various contractual provisions *(Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 583). Otherwise, where there is a broad arbitration clause, as here, an agreement need not spell out every dispute subject to arbitration *(Board of Educ. v New Paltz United Teachers,* 44 NY2d 890, 892). Finally, the school district claims that coaches are not included within the agreement. There is, of course, a reference in the recognition clause of the agreement to certified teachers who teach in "gymnasiums" and there is also an appendix attached which governs "Coaches Salary Schedule". Nothing in the agreement suggests that the vast majority of the coaches who are teachers and as such were for all purposes part of the bargaining unit were to be excluded from that unit with regard to their function as coaches. In any event, whether the collective bargaining agreement includes "coaches" is a question for the arbitrator *(Matter of Board of Educ. v Roosevelt Teachers Assn.,* 47 NY2d 748). (Appeal from order of Onondaga Supreme Court—arbitration.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.