■ KINGS PARK CLASSROOM TEACHERS ASSOCIATION, Respondent, v KINGS PARK CENTRAL SCHOOL DISTRICT, Appellant. — In a proceeding to confirm an interim arbitration award, Kings Park Central School District appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered March 31, 1983, which, *inter alia,* confirmed the interim award directing that petitioner Kings Park Classroom Teachers Association be afforded access to student records. ¶ Judgment reversed, on the law, without costs or disbursements, and petition to confirm denied. ¶ In or about June, 1981, a dispute arose between the parties concerning the termination of a probationary teacher, Ms. Louise Marks, pursuant to section 3031 of the Education Law, which petitioner alleged was improper in that it blatantly violated the observation and evaluation provisions of the collective bargaining agreement. The petitioner filed a formal grievance on Ms. Marks' behalf alleging that her dismissal violated article XIII of the collective bargaining agreement. Article XIII states in part that, "[t]he basic purpose of supervision and evaluation shall be the improvement of instruction. Primarily, the evaluation will measure professional competence". That article then goes on to provide that annual written reports on all personnel will be made, and that in addition to the continuous informal evaluation of teachers, nontenured teachers will be formally evaluated at least three times a year. Pursuant to that article, copies of the evaluation are to be given to the teachers not later than five days after observation, after which each teacher shall be given the opportunity to submit a written reply to the report about the formal observation, and at the request of the teacher or administrator, a follow-up conference shall be provided. However, the collective bargaining agreement contains a provision that "[p]robationary teachers' services may be terminated at any time during the probationary period upon thirty days notice". ¶ On September 13, 1981, petitioner served a "Demand for Arbitration" upon the school district. The petitioner requested, among other things, that Ms. Marks be reinstated. On December 9, 1981 and February 22, 1982, the parties proceeded to arbitration, at which time petitioner requested that the arbitrator order the school district to provide it with access to the files and records of all students in Ms. Marks' classes during the 1979-1980 and 1980-1981 school years, because those files were relevant to its case alleging violation of the evaluation provision in the agreement. More specifically, the petitioner claimed the following: "The Union [petitioner] requests access to the student files of pupils in Grievant's classes during her two years of service. She taught in the Intensive Study Program which grouped together ' * * * students who were PCT failures, PSEN status, Remedial Program Students, Under Achievers, and students who demonstrated character/value deficiencies.' (p.1) It is critical for the Association to have access to the exact profiles of each of these students because Grievant's ' * * * evaluations and observations can only be viewed in an objective manner in light of detailed knowledge of each of the pupils in her class ' ". ¶ The school district opposed such relief on various grounds. The arbitrator issued an

interim award granting petitioner's request for access to the student files based on his determination that the records were relevant to the petitioner's case. The petitioner then commenced the present proceeding for a judgment confirming the arbitrator's award, which the school district opposed. Special Term confirmed the award. ¶ We now reverse Special Term's determination based on our finding that the arbitrator acted in excess of his power. (See *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578; *Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377.) The arbitration provision contained in the collective bargaining agreement states in part that: ¶ "The arbitrator shall limit the decision strictly to the application and interpretation of the provisions of this agreement and shall be without power or authority to make any decision: ¶ "1. Contrary to or inconsistent with, or modifying or varying in any way, the terms of this agreement or of applicable law or rules and regulations having the force and effect of law". ¶ The petitioner here was not basing its grievance on an allegation that the procedures provided for evaluation of personnel were violated, but was, in effect, basing its grievance on a claim that the evaluations of the teacher were incorrect. The arbitration award, which in effect, recognized the petitioner's right to pursue the grievance on that basis, was contrary to the clause in the collective bargaining agreement which allowed the school district to terminate probationary teachers without cause. Thus, the arbitrator in effect rewrote the agreement to provide that probationary teachers could only be terminated for cause, and thus exceeded his powers. (See *Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.]*, 25 NY2d 451.) Thompson, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.