■ In the Matter of BOARD OF EDUCATION OF NORTH BABYLON UNION FREE SCHOOL DISTRICT, Appellant, v NORTH BABYLON TEACHERS' ORGANIZATION, Respondent. — In a proceeding pursuant to CPLR 7511 to vacate or modify an arbitration award, petitioner Board of Education of the North Babylon Union Free School District (board of education), appeals from a judgment of the Supreme Court, Suffolk County (Morrison, J.), dated June 15, 1983, which denied its petition and granted the cross petition of the respondent North Babylon Teachers' Organization (union) to confirm the award.

Judgment reversed, on the law, with costs, petition granted, arbitration award vacated, cross petition to confirm denied and matter remitted to the arbitrator for further proceedings in accordance herewith.

The arbitration award challenged in the instant proceeding construed subdivision H of article XVII of the collective bargaining agreement between the board of education and the union, which authorized the board to grant "terminal leave" to eligible individuals who left their positions on the professional staff of the school district, under certain conditions. The contractual provision at issue reads, in pertinent part: "Any member of the professional staff who is eligible for retirement, in accordance with the established policies of the New York State Retirement System, and who submits a written request for retirement to the Board of Education by May 1st, may apply for a Terminal Leave. The eligibility and the length of the Terminal Leave will be related to and determined by the number of sick days that have been accumulated during service at North Babylon".

Subdivision H of article XVII further provides that a staff member who has fulfilled the above prerequisites will be eligible for terminal leave for a period of either one half year or one full year "at full pay, prior to the actual date of his retirement", depending upon the number of sick days he has accumulated "upon retirement" from his position with the school district.

Additionally, subdivision H permitted an eligible staff member to elect to receive a "lump sum settlement" based upon the salary schedule for teachers, in lieu of terminal leave, provided that "[n]otice of intention to retire shall be given by April 15th within the year of termination".

Article XXV of the collective bargaining agreement, governing all aspects of the grievance procedure, prescribes arbitration for all grievances not resolved in the initial stages of the procedure. Article XXV further states, "[i]n the event that the grievance is concerned with an application, interpretation of construction of any term of [sic] provision of this agreement" then the arbitration proceeding "shall be the final stage and the decision of the Arbitrator shall be final and binding upon the parties". The concluding portion of article XXV contains a provision prohibiting an arbitrator from varying or modifying the terms of the collective bargaining agreement. The provision reads, in pertinent part: "No decision rendered under these procedures shall be contrary to or inconsistent with or shall modify or vary in any way the terms of this agreement or of applicable law or rules and regulations having the force and effect of law".

The teachers whose grievance gave rise to the challenged arbitration award were 32 and 35 years of age, respectively, at the time they informed the school district of their intentions to "retire" from their teaching positions and requested terminal leave pursuant to subdivision H of article XVII of the collective bargaining agreement. The arbitrator concluded that the grievants were not entitled to receive terminal leave pursuant to that section as neither of them had fulfilled the prerequisite for such leave, which is eligibility for retirement pursuant to the applicable statutory provisions and policies governing the New York State Teachers Retirement System (NYSTRS). It was undisputed that the two grievants, both of whom were members of the "career retirement plan", were not eligible for retirement under that plan, as neither of them had attained age 55, despite the fact that they had accrued over 10 years of full-time service prior to their departure from the school district (see Education Law, § 535, subd 1, par b).

Nevertheless, the arbitrator concluded that the grievants' rights to terminal leave had "vested" upon their attaining 10 years of service, in a manner analogous to the vesting of their pensions from NYSTRS after the same length of service. Pursuant to subdivision 4 of section 512-a of the Education Law, which provides for deferred retirement, a member of NYSTRS "who discontinues service other than by death or retirement" and "who is credited with ten years or more of full-time teaching service" may elect "to continue membership with the privilege of applying for retirement pursuant to this subdivision on or after the date he attains age fifty-five". The arbitrator, himself, acknowledged that there was no indication that the grievants had notified the NYSTRS board of their intention to continue their membership in that retirement system, as required by subdivision 4 of section 512-a of the Education Law. The arbitrator stated, however that it would be "unconscionable to deny them a benefit contractually accrued and earned" and, thus, awarded each of them a deferred lump-sum payment in lieu of the terminal leave authorized by subdivision H of article XVII of the collective bargaining agreement. These lump-sum payments were to be comprised of amounts deposited annually by the board of education in special escrow accounts maintained on behalf of each of the grievants. Upon attaining the age of 55, the grievants would be entitled to withdraw the total sum deposited in the escrow accounts, including the interest accruing thereon.

We conclude that this is one of those rare occasions when an arbitration award must be vacated on the ground that the arbitrator "exceeded his power or so imperfectly executed it that

a final and definite award upon the subject matter was not made" (CPLR 7511, subd [b], par 1, cl [iii]). Courts have generally declined to vacate arbitration awards pursuant to CPLR 7511 (subd [b], par 1, cl [iii]), unless the arbitrator's construction of the contractual provision in dispute is completely irrational, so that he has, in effect, rewritten the contract for the parties or the arbitrator exceeded the scope of his authority, as expressly limited by the terms of the contract (see *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582; *Lentine v Fundaro,* 29 NY2d 382, 385; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383).

In *Matter of Silverman (Benmor Coats)* (61 NY2d 299, 302), the Court of Appeals recently further circumscribed the scope of judicial review of an arbitration award by concluding that such an award may not be vacated as in excess of the arbitrator's powers pursuant to CPLR 7511 (subd [b], par 1, cl [iii]) "unless the limitation on the arbitrator's powers is contained, explicitly or by reference, in the arbitration clause" of the contract or agreement being interpreted, as opposed to the substantive provisions thereof.

The arbitration award at issue in the instant proceeding must be vacated pursuant to the above standard, as the arbitrator has rewritten the collective bargaining agreement by adding thereto a new provision not negotiated by the parties.

Contrary to the assertions of the arbitrator, the concept of the "vesting" of a teacher's right to obtain terminal leave upon attaining eligibility for retirement at some time in the future was not incorporated in the "plain and unambiguous" language of the collective bargaining agreement. Indeed, the arbitrator, himself, acknowledged that this was the case when he stated that, in his opinion, "had the parties intended that Terminal Leave was available upon 'vesting' they could have easily so provided". The challenged arbitration award read into the collective bargaining agreement a provision for the "vesting" of a teacher's right to terminal leave upon attaining 10 years of service, which directly contravened the language of subdivision H of article XVII of that agreement making eligibility for retirement, in accordance with the policies of NYSTRS, a prerequisite for obtaining terminal leave (see *Kings Park Classroom Teachers Assn. v Kings Park Cent. School Dist.,* 100 AD2d 929; *Matter of W. M. Girvan, Inc. [International Brotherhood of Teamsters],* 55 AD2d 746). Additionally, the arbitrator admitted that an award of terminal leave, pursuant to subdivision H of article XVII, to the grievants, who were so far below the usual age of retirement and had accrued under 20 years of teaching

service in the school district, was not supported by the past practice of the board of education.

Under the above circumstances, the arbitrator exceeded his powers by going beyond his contractual role of interpreting the agreement negotiated by the parties. In contrast to *Matter of Silverman (Benmor Coats)* (61 NY2d 299, *supra*), we are not inferring a limitation on the powers of the arbitrator from one of the substantive provisions of the collective bargaining agreement. The provision prohibiting the arbitrator from varying the terms of the collective bargaining agreement, violated by the award at issue in the instant proceeding, is contained in article XXV, which sets forth the rules concerning the various stages of the grievance procedure, including arbitration. The conclusion that the arbitration award at bar must be vacated pursuant to CPLR 7511 (subd [b], par 1, cl [iii]) is not based upon a disagreement with the manner in which the arbitrator interpreted the collective bargaining agreement or the reasoning employed by him. It is well settled that an arbitrator's award may not be vacated "even though the court concludes that his interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his power" (*Matter of Silverman [Benmor Coats]*, *supra*, p 308; see, also, *Matter of Local Div. 1179 [Green Bus Lines]*, 50 NY2d 1007; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582, *supra*). Nor are we limiting the broad power of an arbitrator to fashion an appropriate remedy, after he concludes that an actual provision of the collective bargaining agreement has been violated (see *Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.*, 61 NY2d 913, affg 95 AD2d 497; *Matter of Board of Educ. [Hess]*, 49 NY2d 145, 152; *Board of Educ. v Bellmore-Merrick United Secondary Teachers*, 39 NY2d 167, 172).

The arbitration award challenged in the instant proceeding is analogous to that encountered in *County of Ontario v Civil Serv. Employees Assn.* (76 Misc 2d 365, affd 46 AD2d 738), which the court vacated pursuant to CPLR 7511 (subd [b], par 1, cl [iii]), after concluding that the arbitrator exceeded his powers when he "modified the contract by including a provision adding to its terms and in effect he made a new contract for the parties * * * In making the award he did not draw his conclusion from the agreement itself but went beyond the contract. This was not a mere error of judgment, either as to fact or law, but the clear case of an arbitrator rewriting the contract to the prejudice of the petitioner and the court must refuse to enforce the award"

(*County of Ontario v Civil Serv. Employees Assn., supra,* pp 367-368).

Accordingly, the arbitration award is vacated and the matter is remitted to the arbitrator for further proceedings in accordance with our determination. Titone, J. P., Thompson, Bracken and O'Connor, JJ., concur.