■ In the Matter of CAROLE-ANN MOORE, Respondent, v BAMACO GROUP AMERICA, INC., et al., Respondents, and BRITA L. MAVROYANIS et al., Appellants.—In a proceeding to confirm an arbitration award, Catherine Moutoussis, Brita L. Mavroyanis and Dorothy A. Mavroyanis appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hyman, J.), dated December 12, 1983, as, upon reargument, denied their motion, *inter alia,* to vacate a prior judgment confirming said award.

Order affirmed, insofar as appealed from, with costs.

Appellants contend that the arbitrators exceeded their power and issued a totally irrational award. We find this contention unpersuasive. The instant arbitration clause was extremely broad, giving the arbitrators the power to settle any dispute arising out of the terms of a stockholders' agreement. Since this case involved a dispute over a mortgage payment provision contained within said agreement, it is clear that the arbitrators acted within their power in interpreting the provision. Because the arbitration clause contained no express or implied limitation upon the remedial power of the arbitrators, it cannot be said that they exceeded their power in issuing the instant award *(see, Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.,* 61 NY2d 913).

Moreover, the award itself is not a totally irrational inter-

pretation of the disputed contract provision. It is apparent that the arbitrators properly exercised their power in construing the contract in light of what they found to be the intent of the parties (*see, Matter of Local Div. 1179 [Green Bus Lines],* 50 NY2d 1007, *rearg denied* 51 NY2d 770; *Matter of Morris v County of Suffolk,* 106 AD2d 446). Although their interpretation may have contained errors of fact or law, said errors are insufficient grounds for vacatur or modification of the award (*see,* CPLR 7511; *Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Matter of Riverbay Corp. [Local 32-E],* 91 AD2d 509). We further find that Special Term's interpretation of the award was entirely proper. Accordingly, we affirm the order of Special Term, insofar as appealed from. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.