■ In the Matter of LOCAL UNION 1566, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Respondent, v ORANGE AND ROCKLAND UTILITIES, INC., Appellant.—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, Orange and Rockland Utilities, Inc., appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated December 18, 1985, which granted the application.

Ordered that the order is affirmed, with costs.

At issue on this appeal is the application of section 5 of article VIII of the parties' collective bargaining agreement,

which governs sick-leave benefits. Pursuant to subdivision (a) of section 5, permanent employees are entitled to one week of sick leave for each year of service up to and including 10 years. Pursuant to subdivision (b) thereof, the entitlement increases to 1½ weeks for each year of service up to 20 years, and two weeks for each year of service in excess of 20 years. Subdivision (c) provides, among other things, that certification of a doctor is required for all absences in a calendar year after the fourth incident of absence, and no payment will be made for absences not substantiated by the required certification. Also pertinent is subdivision (e) of section 5, which provides:

"(e) For any such sick leave which is compensable under the New York State Disability Benefits Act, the Company agrees to pay a permanent employee straight-time for the first five (5) days and thereafter, in accordance with paragraphs (a) and (b) of this Section, for the period prescribed by the Act, the difference between the employee's regular weekly wages and the amount payable under the New York State Disability Act or the New Jersey temporary disability benefit law. When absence is due to an accident covered by no fault insurance, the Company will pay the difference between the employee's regular weekly wages and the amount payable under no fault insurance. One quarter (¼) of the time lost will be charged to sick leave allowance. The Company will the resume full responsibility for sick leave benefits, if any, still remaining under the Company's plan.

"Deductions from wages will be made in accordance with the New York State Disability Benefits Act or the New Jersey temporary disability benefit law".

In July 1981 Orange and Rockland Utilities, Inc. (the employer) adopted a disability payment procedure which, in effect, disallowed any sick-leave payments to an employee who was eligible for statutory benefits under the State's Disability Benefits Law (see, Workers' Compensation Law art 9) but who failed to submit a claim for such benefits. As a result, the petitioner union filed a grievance which, pursuant to article IX of the collective bargaining agreement, was submitted to a board of arbitration. Under subdivision (e) of section 2 of article IX, the board's power was limited to the extent that it had neither "the right or power to set aside, modify or alter any of the terms" of the collective bargaining agreement. The board denied the grievance, concluding that the disability payment procedure promulgated by the employer is in harmony with the terms of the contract, and that, under subdivision (e) of section 5 of article VIII, employees who are absent

due to illness for more than five days must submit a claim for disability benefits, including medical certification of the disability, in order to obtain sick-leave payments.

The union subsequently moved pursuant to CPLR 7511 for an order vacating the arbitration award upon the ground that the board exceeded its power (see, CPLR 7511 [b] [1] [iii]). The court granted the motion and vacated the award, holding that the board had indeed exceeded its power by setting aside, modifying and altering the contract.

It is basic law that an arbitration award will not be set aside by the courts unless the award "is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on [the arbitrator's] power" (Matter of Silverman [Benmor Coats], 61 NY2d 299, 308; see also, Maross Constr. v Central N. Y. Regional Transp. Auth., 66 NY2d 341, 346; Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582; Matter of Board of Educ. v North Babylon Teachers' Org., 104 AD2d 594, 596-597). In the present case, the arbitration clause of the collective bargaining agreement contained an express restriction upon the remedial power of the arbitration board, proscribing any vacatur, modification or alteration of the remaining terms of the agreement. Such an express limitation upon arbitral authority, if set forth in the arbitration clause, will be upheld (Maross Constr. v Central N. Y. Regional Transp. Auth., supra, at p 346; Matter of Silverman [Benmor Coats], supra, at pp 302, 308; cf. Matter of Board of Educ. v Dover-Wingdale Teachers' Assn., 95 AD2d 497, affd 61 NY2d 913; Matter of Moore v Bamaco Group Am., 114 AD2d 456). Thus, the arbitration award in this case which, in effect, rewrote the contract, was beyond the scope of the arbitrators' power was properly vacated (CPLR 7511 [b] [1] [iii]; Matter of Board of Educ. v North Babylon Teachers' Org., supra, at p 597). The parties' agreement contains no provision requiring employees to submit claims for statutory disability benefits in order to qualify for sick-leave benefits from the employer pursuant to subdivisions (a) and (b) of section 5 of article VII. Moreover, subdivision (c) of section 5 requires employees to submit medical certification for their absences only after the fourth incident of absence during a calendar year. Thus, by construing subdivision (e) of section 5 to require employees to submit disability claims, including doctor's certificates, in order to receive sick-leave benefits, the arbitration board modified and altered the terms of the agreement in contravention of the express limitation on its powers. Subdivision (e) merely provides for an offset of sick-leave payments by

the amount of statutory disability benefits received, if any, thereby insuring that an employee's total income while on sick leave will not exceed the wage to which he would otherwise be entitled.

We note, in addition, that the same result is reached if, as the employer urges, we apply Federal law *(see,* 9 USC § 10 [d]; *Steelworkers v Enterprise Corp.,* 363 US 593, 597).

Finally, we have no occasion to pass upon the employer's claim that the proceeding to vacate the award was not timely commenced. No appeal was taken from a prior order which denied the motion to dismiss the proceeding on that ground, and the issue of timeliness is not brought up for review in this appeal from the subsequent order vacating the award. In any event, the employer's contentions are without merit *(see,* 9 USC § 12; CPLR 7511 [a]). Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.