In the Matter of the Arbitration between TOWN OF CALLICOON, Appellant, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., TOWN OF CALLICOON UNIT, Respondent.

Third Department, March 12, 1987

APPEARANCES OF COUNSEL

*Frederick W. V. Schadt, Jr.,* for appellant.

*Barton W. Bloom* for respondent.

## OPINION OF THE COURT

LEVINE, J.

In 1982, two employees of petitioner, the Town of Callicoon, Sullivan County (hereinafter the Town), were injured and temporarily disabled as a result of accidents while performing their official duties. The Town charged the resultant days of absence from work of each employee to that employee's vacation or sick leave time. The employees filed grievances under the collective bargaining agreement between the Town and respondent, Civil Service Employees Association, Inc. (hereinafter the union), relying on a past practice, which the Town has since conceded did exist prior to the parties' 1979 collective bargaining agreement, of not charging such absences for work-related injuries against the disabled employee's sick, vacation or other paid leave time. The prior collective bargaining agreements had contained a provision under which the Town agreed "not to diminish or impair any benefit or privilege provided by * * * past practice during the term of this Agreement without negotiation with [the union]". In the 1979 agreement, that provision was retained but a new clause was inserted immediately following it stating that "[t]here are no other paid leaves of absences except as defined in this Agreement". Absences for work-related injuries were not so defined, although the agreement contained a separate article on paid leave for some five types, as well as other provisions for remunerated time off for holidays and the like.

All the foregoing provisions were continued in succeeding labor contracts negotiated between the parties, including the

agreement in effect at the time of the instant disputes. When those disputes remained unresolved through the steps of the grievance process, the union invoked its contractual right to have them determined through binding arbitration. The arbitration section of the agreement provided that "[t]he arbitrator shall have no power to add to, subtract from or change the provisions of this Agreement".

Following a hearing, the arbitrator rendered an opinion and award in favor of the employees. Although the arbitrator in his opinion recognized that the exclusionary sentence following the past practice clause was conceived in order to restrict employee rights with regard to prior paid leaves not expressly set forth in the agreement, it was determined that the exclusion should not be given effect in this case. The arbitrator relied upon the union's parol evidence of the parties' negotiations regarding these provisions in the formation of the 1979 agreement, in which they were aided by a neutral mediator. As described by the arbitrator, the union's evidence was that the parties had reached an impasse over the Town's demand that the past practice clause be eliminated entirely. The parties managed to overcome their disagreement by adopting the mediator's suggestion of continuing the general past practice clause, but limiting it to prior paid leaves as specifically included in the agreement. It was also testified to that, when this proposal was brought to the union bargaining representatives, they were assured by the mediator that the new restriction would not preclude paid leaves of absence existing as a practice but not recalled during the negotiations. The union explained that, in the pressure of arriving at an immediate agreement, its representatives were only able to recall previous paid times off on Christmas Eve, New Year's Eve and Election Day in addition to those other paid leaves already part of the agreement.

Based upon the foregoing evidence and upon his own experience as a mediator in impasse bargaining in the public employment sector, the arbitrator concluded that, although the Town believed that the added exclusionary clause controlled in all respects, there had not been a meeting of the minds of the parties "as to whether or not all prior paid leaves of absences, excepting those specified in the Agreement were intended to be eliminated". Lacking that agreement on the effectiveness of the provision excluding unspecified prior paid leaves, the arbitrator sustained the grievances and ordered the Town to compensate the employees for the days of absence

charged against their sick or vacation leaves. The Town's application to Special Term to vacate the award was denied, and the award was confirmed. This appeal followed.

We are not unmindful of the strong position adopted by the Court of Appeals in favor of the impregnability of arbitration awards from judicial interference. The doctrine that the court has evolved requires deference to an arbitrator's award on a dispute appropriately submitted pursuant to an arbitration clause, such as contained in the agreement here, unless the award is violative of a strong public policy, is totally irrational, or exceeds a specifically enumerated limitation on the arbitrator's power *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582). An award is not irrational or in excess of the arbitrator's authority because the arbitrator ignored principles of substantive law, the rules of evidence, or the apparent or plain meaning of terms in the parties' agreement in his own interpretation thereof; the arbitrator may apply his own sense of justice to the facts and make an award reflecting the spirit rather than the letter of the agreement *(supra; Lentine v Fundaro,* 29 NY2d 382, 386).

Despite the broadness of the foregoing injunction against judicial restraint on arbitral excesses, the Court of Appeals has also recognized and enforced contractual limitations on an arbitrator's otherwise almost untrammeled discretion to determine a dispute and fix a remedy *(see, Matter of Local 345 of Retail Store Employees Union [Heinrick Motors],* 63 NY2d 985, 987). Any such limitation, however, must be set forth as part of the arbitration clause itself, either explicitly or through incorporation by reference *(see, Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.,* 61 NY2d 913, 915; *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 307, *supra).* Here, the arbitration section of the collective bargaining agreement expressly denied the arbitrator the power "to add to, subtract from * * * the provisions of this Agreement". Even this or similar limiting language has been construed narrowly. If the agreement broadly provides for the submission of disputes to arbitration, covers the controversy at issue, but is silent generally on remedies for a breach of the agreement as determined by the arbitrator, his fashioning of an appropriate remedy will not be considered as an addition to the terms of the agreement in violation of the limitation *(see, Matter of Board of Educ. v Dover-Wingdale Teachers' Assn., supra).* Likewise, if the arbitrator is given wide powers to interpret

the contract, and purports to do so in making an award, it will not be deemed an addition to or subtraction from the terms of the agreement merely because a court, reading the plain language of the same provision at issue, would have given it a narrower or broader meaning *(Matter of Albany County Sheriff's Local 775 [County of Albany],* 63 NY2d 654, 656). In other words, the limitation regarding additions and subtractions does not restrict the arbitrator's authority to reflect the spirit rather than the letter of the agreement and to interpret it "in light of what he found to be the intent of the parties" *(Matter of Local Div. 1179, Amalgamated Tr. Union, AFL-CIO [Green Bus Lines],* 50 NY2d 1007, 1009). When the addition or subtraction in excess of the arbitrator's authority must thus be inferred from an interpretation of a substantive provision of the agreement at issue, judicial vacatur of the award would necessarily involve the merits of the dispute, substituting the court's judgment for that of the arbitrator's on the meaning of the substantive provision *(Matter of Silverman [Benmor Coats], supra,* at 307).

In our view, none of the foregoing rationales apply to avoid finding that the award herein violated the express limitation on the arbitrator's powers contained in the arbitration clause of the agreement. The arbitrator acknowledged the purpose of the sentence excluding unspecified past paid leaves. He did not identify and then resolve, by interpretation of the "true spirit" of the agreement, any latent ambiguity or conflict in the past practice and the exclusionary provisions. Nor did the arbitrator find, as urged to him by the union, that a continuation of salary during a work-related disability was not subsumed within the phrase "paid leave of absence".* Without finding any mutual intent of the parties to do so, the arbitrator rendered the exclusionary language as to undefined past paid leaves entirely inoperative, leaving the Town open to a subsequent claim by the union of a past practice as to payment for any and all employee absences. The conclusion thus seems inescapable that the arbitrator, not even in the guise of interpretation, excised, i.e., *subtracted,* the paid leave of absence exclusionary clause from the agreement, in direct violation of the contractual limitation on his powers.

---

* Since either of such determinations would not necessarily have entailed a remaking of the parties' agreement in violation of the limitation on the arbitrator's powers, the Town was compelled to arbitrate under the submission, and its participation in the arbitration proceeding did not constitute a waiver of the limitation *(cf., Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 583).

Even were the arbitrator's determination to be construed as leaving some scope for application of the exclusion of unspecified paid leaves, but merely not as to the leaves of absence at issue, we would necessarily reach the same conclusion. The parties' agreement sets up some six categories for paid employee time off from work. The arbitrator's award effectively adds a seventh category, salary during absences due to a work-connected injury. Again, this enlargement of the terms of the contract is not based on any determination that it reflected the true spirit of the parties' agreement or their actual mutual intent. Indeed, the arbitrator found that the Town intended that all unspecified leaves were to be excluded and that the union had completely overlooked work-related disability leaves when the parties entered into the agreement. Thus, the arbitrator included in the agreement an additional category of paid leave which neither party had in mind at the time of contract formation.

In short, without substituting any judicial interpretation of the past practice and exclusionary clauses and, indeed, giving full effect to the arbitrator's own construction of these substantive provisions, there is not merely a possibility, but a certainty that the arbitrator exceeded the contract's limitation on his power to add to or subtract from the provisions of the agreement *(cf., Matter of Tilbury Fabrics v Stillwater, Inc.,* 56 NY2d 624, 627). Accordingly, the award must be vacated, unless the contractual restriction on the arbitrator's authority is to be entirely ignored. We follow the decisions of other courts in giving effect to this limitation on the arbitrator's powers *(see, e.g., Matter of Board of Educ. v North Babylon Teachers' Org.,* 104 AD2d 594, 598; *Kings Park Classroom Teachers Assn. v Kings Park Cent. School Dist.,* 100 AD2d 929, 930, *appeal dismissed* 63 NY2d 742; *Matter of Civil Serv. Employees Assn. v County of Steuben,* 50 AD2d 421, 425; *County of Ontario v Civil Serv. Employees Assn.,* 76 Misc 2d 365, 367, *affd* 46 AD2d 738).

MAHONEY, P. J., KANE, WEISS and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, petition granted and arbitration award vacated.