■ In the Matter of CITY OF NEW YORK, by the OFFICE OF MUNICIPAL LABOR RELATIONS, Appellant, v A. R. DAVIS et al., Respondents.—Judgment, Supreme Court, New York County (Kenneth Shorter, J.), entered July 17, 1987, confirming an arbitrator's award requiring the city to pay a night-shift differential to a correction officer for work performed while on military leave and dismissing the CPLR article 75 petition, unanimously reversed, on the law, without costs or disbursements, the judgment vacated, the petition granted and the award vacated.

At issue is the rationality of an arbitrator's award which, in interpreting a collective bargaining agreement, required the city to pay a night-shift differential to a correction officer on military leave.

Respondent Davis is employed by the New York City Department of Correction. He filed a grievance requesting payment of a night-shift differential while he was excused from

work to attend military training. Article X, section 4 of the collective bargaining agreement between the city and the Correction Officer's Benevolent Association (COBA) provides, "Military leave not exceeding a total of thirty (30) days in one calendar year and not exceeding thirty (30) days in any one continuous period of such absence shall be granted with pay to satisfy military obligations." Davis, who received his base pay while on military leave, claimed that he was also entitled to a 10% night-shift differential pursuant to article XX of the collective bargaining agreement, which allows "for all work actually performed between the hours of 4:00 p.m. and 8:00 a.m."

The grievance was denied at all stages on the ground that article XX provides for a night-shift differential only with respect to hours actually worked. The Senior Hearing Officer noted that the sick leave provision in article X, section 2, which uses the same language "with pay" contained in the military leave provision, has been interpreted as not allowing payment of night-shift differential. He further concluded that payment of the differential for military leave would "result in an enhancement of the salary agreed to by the COBA and the City of New York in the Correction Officers Agreement".

COBA submitted a request for arbitration, at the hearing of which COBA claimed that Davis should be paid the night differential since he is "subject to his military duties during the entire period he is away." The city argued that officers are "entitled to a night shift differential only when they actually perform duties for the department", and that the article X sick leave provision granting leave "with pay" and the article XI vacation provision have been consistently interpreted as not including the night-shift differential.

The arbitrator awarded Davis the differential on the ground that article X explicitly provided that a correction officer is not entitled to a differential when he is on sick leave, while article XX, which governs military leave, does not. Thus, he concluded, the "inclusion of language prohibiting night differential in one provision of the Contract is persuasive that the parties did not envision excluding night shift differential from the pay of an officer when he/she is on military leave." The arbitrator erred, however, since article X clearly does not exclude the payment of night-shift differential to an officer on sick leave. The city's request for a modification of the award based on this erroneous interpretation of the contract was denied, as the arbitrator concluded that "unlike sick leave or vacation, an officer is considered to be on duty for a full 24-

hour period while on military duty." The city then brought this article 75 proceeding challenging the arbitrator's award. The motion court dismissed the petition and confirmed the award. We reverse, reinstate the petition and vacate the arbitrator's award.

The law is well settled that an arbitration award will not be set aside unless it is irrational, violative of public policy or exceeds a specific limitation on the arbitrator's power. (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582; *Matter of Local Union 1566 v Orange & Rockland Utils.*, 126 AD2d 547, *lv denied* 70 NY2d 603.) In the instant case, the arbitrator awarded night-shift differential despite the clear statement in the collective bargaining agreement that it could only be paid for those hours actually worked between 4:00 P.M. and 8:00 A.M., and explicit clause in the agreement prohibiting the arbitrator from adding to or modifying the collective bargaining agreement, and the consequent unfair discrimination against those officers who actually work the night shifts.

Where a collective bargaining agreement contains an express restriction upon the powers of the arbitrator, the limitation will be upheld. (*Matter of Local Union 1566 v Orange & Rockland Utils.*, 126 AD2d, *supra*, at 549; *Matter of Board of Educ. v North Babylon Teachers' Org.*, 104 AD2d 594.) Article XXI, section 2, step IV of the agreement specifically provides that the arbitrator's award "shall not add to, subtract from or modify any contract". None of the provisions in the collective bargaining agreement requires the payment of night-shift differential for military leave. The only requirement, pursuant to article X, section 4, is that 30-day military leave "shall be granted with pay to satisfy military obligations", which is precisely what Davis received.

The collective bargaining agreement specifically grants a 10% differential only "for work actually performed between the hours of 4:00 p.m. and 8:00 a.m." There is no claim that Davis actually performed work for the city between the hours of 4:00 P.M. and 8:00 A.M. while he was on military leave. Nor could there be.

In *Matter of Local Union 1566 v Orange & Rockland Utils.* (126 AD2d 547, *supra*), the court set aside an award where the arbitration board violated an express prohibition in the arbitration clause against modification of the agreement. The collective bargaining agreement provided for an offset of sick

leave payments by the amount of statutory disability benefits received, but did not require submission of claims for disability benefits. The arbitrator construed the agreement to require employees to submit claims for statutory disability benefits to qualify for sick leave benefits. The court held that the arbitration board rewrote the contract by construing the agreement to require such a submission. Such a modification was "beyond the scope of the arbitrators' power". *(Supra,* at 549.) In the instant case, in construing the phrase "with pay" to include the 10% differential over base pay, the arbitrator rewrote the collective bargaining agreement.

The arbitrator also gave an irrational construction to several provisions in the agreement. He originally reached his decision on the erroneous premise that there was a specific exclusion of night-shift differential from the sick leave provision, but no such exclusion in the military leave provision. The arbitrator found that article X, the sick leave provision, "specifically stated that a correction officer shall not be entitled to a night shift differential when he is on sick leave". As already noted, however, the sick leave provision contains no such reference to night-shift differential. Based on this irrational assumption, the arbitrator concluded that the parties intended to include night-shift differential for correction officers on military leave. In adhering to his original determination on the city's application for modification, the arbitrator retreated to the position that an officer on military duty is considered to be on duty for a full 24-hour period.

In originally making the award, the arbitrator cited a nonexistent provision in the agreement; in denying the request for modification, he relied on matters outside the agreement. In each instance, the arbitrator failed to base his decision upon specific provisions in the agreement, as is required where a clause prohibits the arbitrator from altering the collective bargaining agreement. An award must be vacated where "[t]he arbitrator's decision derived not from the contract * * * but, rather, apparently from his deliberate and intentional consideration of matters dehors the contract". *(Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn.,* 129 AD2d 708, 709, *appeal dismissed* 70 NY2d 719; *Matter of Civil Serv. Employees Assn. v County of Steuben,* 50 AD2d 421, 425.) An award must also be vacated where it constitutes an irrational construction of the collective bargaining agreement. *(Matter of Silverman [Benmor Coats],* 61 NY2d, *supra,* at 308.)

Finally, we note that not only was it irrational for the

arbitrator to construe the language "with pay" to include a 10% night-shift differential over and above regular salary, but such a construction discriminates against correction officers who actually work the night shifts. *(See, Benson v County of Nassau,* 137 AD2d 642; *also, Matter of Chalachan v City of Binghamton,* 55 NY2d 989, 990.)* Concur—Kupferman, J. P., Sullivan, Milonas and Ellerin, JJ.