■ In the Matter of the Arbitration between MASSENA MEMORIAL HOSPITAL, Appellant-Respondent, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, UNIT 8415, Respondent-Appellant. [752 NYS2d 743] —Carpinello, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered February 8, 2002 in St. Lawrence County, which, inter alia, partially granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Pursuant to a collective bargaining agreement between the parties, an employee of petitioner may bid a vacant position which, in turn, "will be awarded to the most qualified bidder." In the event that two or more employees are determined by petitioner to be "relatively equally qualified," then the em-

ployee with the most seniority must be given the position. In the instant case, after an employee with the most seniority out of three prospective applicants was not hired for a vacant position, a grievance was filed and, upon denial of same, arbitration demanded.

The arbitrator ruled in the grievant's favor. He concluded that petitioner's hiring procedure violated the collective bargaining agreement because the interviewer used his own subjective criteria to determine whether or not the applicants were "relatively equally qualified." Notably, petitioner does not challenge this aspect of the arbitrator's determination. Rather, in its petition to vacate the award, petitioner objects only to the arbitrator's *remedy* for the violation—the arbitrator directed petitioner to appoint the grievant to the disputed position—and his improper reliance on information outside the agreement in fashioning this remedy—the arbitrator relied on the Civil Service Law to determine whether the grievant was entitled to the position. The petition also sought sanctions against respondent for its failure to advise the arbitrator that a particular arbitration decision cited in a posthearing submission had been vacated (*see Matter of Recore [Chateaugay Cent. School Dist.]*, 256 AD2d 801, *lv dismissed* 93 NY2d 957). Supreme Court agreed with petitioner's contention that the remedy directed by the arbitrator was outside the scope of his authority and thus vacated same. The court refused, however, to impose sanctions. The parties now cross-appeal.

We agree with Supreme Court's finding that the arbitrator exceeded his authority under the collective bargaining agreement by directing that the grievant be placed in the disputed position. The arbitrator, in fashioning the remedy, does appear, at least in part, to have improperly analyzed the qualifications of the three candidates under general Civil Service Law principles,* even though both parties had agreed that the Civil Service Law was inapplicable to the matter. Moreover, under the parties' collective bargaining agreement, petitioner has the right to determine if candidates are "relatively equally qualified." Indeed, only in the event that petitioner makes this determination is it then obligated to fill a vacancy based on seniority. By appointing the grievant to the subject position, the arbitrator impermissibly usurped a

---

* By way of example, in his decision, the arbitrator states: "Ordinarily, in matters such as this one, the Arbitrator would remand the matter to [petitioner] for a new posting and bid process. Here, however, *the question of qualifications for the position is determined by the civil service process*" (emphasis added).

responsibility of petitioner and utilized a nonbargained-for criterion, thereby violating an express limitation on the arbitrator's power, that is, not to "supplement, diminish or alter the scope and meaning" of the collective bargaining agreement (*see Matter of State of New York [State Univ. of N.Y., Coll. at Buffalo] [United Univ. Professions]*, 150 AD2d 877, 879, *lv denied* 74 NY2d 612; *Matter of Board of Educ. of N. Babylon Union Free School Dist. v North Babylon Teachers' Org.*, 104 AD2d 594, 596-597; *County of Ontario v Civil Serv. Empls. Assn.*, 76 Misc 2d 365, 367, *affd* 46 AD2d 738). The proper remedy as fashioned by Supreme Court was to require petitioner to repost the position and evaluate the candidates using objective guidelines.

Finally, we are unable to conclude that Supreme Court abused its discretion in denying petitioner's request for sanctions against respondent for frivolous conduct. Respondent's failure to advise the arbitrator of the full legal history of an arbitration decision appears to have been inadvertent. Moreover, the primary reason the decision was cited remained extant even though the award was ultimately vacated. Thus, it cannot be said that respondent's conduct in citing this case to the arbitrator was "completely without merit in law" (22 NYCRR 130-1.1 [c] [1]).

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.