■ In the Matter of ROGER TOUSSAINT, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [765 NYS2d 788] —Judgment (denominated an order), Supreme Court, New York County (Sherry Klein Heitler, J.), entered October 9, 2002, which granted the petition to confirm the supplemental arbitration award dated June 19, 2002, reinstating petitioner's grievant to his position as a traffic checker assigned to the respondent's Passenger Environment Survey Group, with back pay calculated from October 3, 2001, unanimously affirmed, without costs.

Petitioner did not waive clarification of the initial award, to ascertain precisely what was intended by the arbitrator's direction that the grievant be reinstated to "his former position," since petitioner's written request for clarification was submitted within 20 days of the award's delivery in accordance with CPLR 7509, and the clarification was sought only to cure an imperfection in the form of the award (*see* CPLR 7511 [c] [3]).

642

The arbitrator did not exceed his authority by reinstating the grievant to his former position with the Passenger Environment Survey Group, since his reinstatement to that position merely restored the status quo (*cf. Matter of Massena Mem. Hosp. [Civil Serv. Empls. Assn.]*, 300 AD2d 889 [2002]). Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.