OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, affirmed without costs.
Plaintiff brought this action to recover for injuries sustained in a motor vehicle accident. In the liability portion of the bifurcated trial, the court below granted defendants’ motion pursuant to CPLR 4401 and dismissed the complaint. The court found that the plaintiff failed to make out a prima facie case with regard to properly identifying the yellow taxicab which struck her car. On a postrial motion to vacate the judgment, plaintiffs counsel for the first time alleged that the defendant corporation had admitted pursuant to CPLR 3123 in its response to a notice to admit that its yellow taxicab driven by defendant Tehran Nasri had come into contact with plaintiffs car at the time of the accident. On appeal, this court reversed the order, granted plaintiff’s motion to vacate the judgment and remitted the matter to the court below for a new trial with regard to liability on the ground that the court below improvidently exercised its discretion in denying plaintiffs motion to vacate the judgment in light of the admission by defendant corporation of its involvement in the accident.
Upon a review of the record, we find that the court below correctly denied plaintiff’s motion based on CPLR 3123 and 22 NYCRR 130-1.1 for sanctions. Plaintiff failed to demonstrate that the conduct of defendants’ trial attorney was frivolous as that term is defined under 22 NYCRR 130-1.1 (c). The failure by both plaintiff and defendants’ trial counsel to recall that defendant corporation had admitted to its involvement in the accident in its response to the notice to admit appears to have been an unintentional, mutual mistake warranting the vacatur of the judgment (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]), but not rising to the level of conduct necessary to demonstrate that defendants’ counsel’s conduct was frivolous (see Curcio v Hogan Coring & Sawing Corp., 303 AD2d 357, 358-359 [2003]; Matter of Massena Mem. Hosp. [Civil Serv. *67 Empls. Assn., Local 1000, Unit 8415], 300 AD2d 889 [2002]; see also Broich v Nabisco, Inc., 2 AD3d 474, 475 [2003]; Sanders v Copley, 194 AD2d 85, 88 [1993]). Moreover, under the circumstances presented, plaintiffs request for the imposition upon defendants of penalties pursuant to CPLR 3123 (c) lacks merit. An award of penalties under CPLR 3123 (c) may be imposed where a party unreasonably denies, or fails to respond to, a request for an admission under a notice to admit. Here, defendant corporation responded and admitted that its taxicab was involved in the accident.
Pesce, RJ., Golia and Rios, JJ., concur.