Matter of New York City Tr. Auth. v Local 100, Transp. Workers Union (2026 NY Slip Op 00585)

Matter of New York City Tr. Auth. v Local 100, Transp. Workers Union

2026 NY Slip Op 00585

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Moulton, J.P., Friedman, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 452726/24|Appeal No. 5745|Case No. 2025-02195|

[*1]In the Matter of New York City Transit Authority, Petitioner-Respondent,
vLocal 100, Transport Workers Union, Respondent-Appellant.

Advocates for Justice, Chartered Attorneys, New York (Richard Soto of counsel), for appellant.
David I. Farber, New York City Transit Authority, Brooklyn (Lindsey M. Gosin of counsel), for respondent.

Order, Supreme Court, New York County (Jeffrey H. Pearlman, J.), entered March 4, 2025, which granted the petition pursuant to CPLR article 75 to vacate an arbitration award and denied the grievance, unanimously affirmed, without costs.
Arbitrators exceed their power within the meaning of CPLR article 75 when they issue an award that "violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (American Intl. Specialty Lines Insurance Co. v Allied Capital Corp., 35 NY3d 64, 70 [2020]; see also Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL—CIO [New York State Dept. of Corr. & Community Supervision], 200 AD3d 1454, 1455 [3d Dept 2021]).
Supreme Court correctly determined that the arbitrator exceeded his authority by rewriting the parties' collective bargaining agreement when he implicitly added a new term, one that was expressly prohibited by the terms of the contract (see City of New York v District Council 37, 161 AD3d 435, 435-436 [1st Dept 2018]; see also Matter of Civil Serv. Empls. Assn., Inc., Local 1000, 200 AD3d at 1455-1456). Specifically, the arbitrator found that Section 2.1(C)(8)(D) of the contract required petitioner New York City Transit Authority (NYCTA) to schedule a hearing for an employee on pre-disciplinary suspension status within 30 "calendar days" before returning that employee to payroll. This modification of the contract ignored Section 2.1(E)(5), which provides that in computing the time within which any action must be taken Saturdays, Sundays, and holidays "shall not be counted except where otherwise specified." Because Section 2.1(C)(8)(D) states that employees on pre-disciplinary suspension status must be restored to the payroll after "thirty (30) days," as opposed to "30 calendar days," non-working days — i.e. Saturdays, Sundays, and holidays — are excluded under Section 2.1(E)(5).
Moreover, the arbitrator's interpretation impermissibly rewrote the contract by further limiting the amount of time that NYCTA had to schedule a hearing before returning an employee on pre-disciplinary suspension to the payroll (see District Council 37, 161 AD3d at 435; see also Matter of City of New York v Davis, 146 AD2d 480, 482-483 [1st Dept 1989]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026