■ In the Matter of MICHAEL HUNSINGER, as Superintendent of Schools of Waterloo Central School District, et al., Respondents, v DAVID MINNS, as President of Waterloo Education Association, et al., Appellants. [602 NYS2d 284] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted petitioners' application to vacate an arbitration award on the ground that the arbitrator exceeded his authority *(see,* CPLR 7511 [b] [1] [iii]). When an arbitrator does not " 'draw his conclusion from the agreement itself' " or goes beyond the contract to add a new provision, the arbitration award must be vacated *(Board of Educ. v North Babylon Teachers' Org.,* 104 AD2d 594, 598; *see, County of Ontario v Civil Serv. Empls. Assn.,* 76 Misc 2d 365, *affd* 46 AD2d 738). Here, there was nothing in the contract requiring that the grievant be considered or interviewed by the Board. Past practices may be considered by an arbitrator only when interpreting a specific contractual provision covering the issue in dispute or when the agreement expressly allows for the inclusion of past practices. An arbitrator may not rewrite a contract by adding a new clause based upon past practices *(see, Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn.,* 129 AD2d 708, *appeal dismissed* 70 NY2d 719; *Board of Educ. v North Babylon Teachers' Org., supra; County of Ontario v Civil Serv. Empls. Assn., supra).* (Appeal from Order and Judgment of Supreme Court, Seneca County, Falvey, J.—Vacate Arbitration Award.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.