■ In the Matter of the Arbitration between FRANKLIN CENTRAL SCHOOL DISTRICT, Appellant, and FRANKLIN TEACHERS ASSOCIATION, Respondent. [657 NYS2d 213] —Mercure, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered January 24, 1996 in Delaware County, which granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Article 35 F of the collective bargaining agreement between petitioner and respondent provides that covered teachers shall be paid graduate hour compensation of $25 per hour "for additional study approved by [the Chief School Administrator] up to a maximum of ninety (90) semester hours beyond the

Bachelors Degree". Respondent filed a grievance on behalf of certain covered teachers who were denied the graduate hour compensation for graduate study earned prior to their employment with petitioner. Following a hearing, the arbitrator concluded that, although the contract was silent on the issue, based on petitioner's consistent past practice of granting the salary enhancement to newly hired teachers, the grievants should be paid the salary enhancement. Petitioner commenced this proceeding seeking to vacate the arbitration award upon the ground that the arbitrator exceeded his authority. Supreme Court granted the petition and vacated the award. Respondent now appeals.

We affirm. Fundamentally, "[p]ast practices may be considered by an arbitrator only when interpreting a specific contractual provision covering the issue in dispute or when the agreement expressly allows for the inclusion of past practices" (*Matter of Hunsinger v Minns*, 197 AD2d 871; *see, City of Canandaigua v Canandaigua Police Officers Assn.*, 174 AD2d 1048, 1049; *Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn. of N. Y. City Tr. Police Dept.*, 129 AD2d 708, *appeal dismissed* 70 NY2d 719). Here, the contract contains no authority for the inclusion of past practices; quite the contrary, it expressly provides that an arbitrator's decision shall be final and binding only as to the interpretation of the contract. Nor are we persuaded that the arbitrator merely considered past practices as an aid to interpretation of the contract. Rather, acknowledging that the contract did not cover the situation before him, the arbitrator relied upon past practices so as to make them an implied part of the contract (*see, Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn. of N. Y. City Tr. Police Dept., supra*, at 708). As such, we conclude that his decision "derived not from the contract * * * but, rather, apparently from his deliberate and intentional consideration of matters dehors the contract" (*id.*, at 709).

Cardona, P. J., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.