■ In the Matter of the Arbitration between MONROE COUNTY DEPUTY SHERIFF's ASSOCIATION, Appellant, and MONROE COUNTY/MONROE COUNTY SHERIFF, Respondent. [752 NYS2d 457] —Appeal from an order of Supreme Court, Monroe County

(Fisher, J.), entered January 29, 2002, which denied the petition to confirm an arbitration award and granted the cross petition to vacate the award.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted, the arbitration award is confirmed and the cross petition is denied.

Memorandum: Petitioner appeals from an order denying its petition to confirm an arbitration award directing respondent Monroe County to provide its deputies in the Civil Bureau of respondent Monroe County Sheriff (Sheriff) with firearms and by providing that no deputy will be authorized to carry a firearm unless properly trained and granting the Sheriff's cross petition to vacate the award. We conclude that Supreme Court erred in denying the petition and in granting the cross petition.

The parties are governed by a collective bargaining agreement requiring the arbitration of grievances relating to the health and safety of the deputies. Petitioner brought a grievance alleging that the "health and safety of [its] deputies assigned to the Civil Bureau is jeopardized by the Sheriff not providing proper training and tools to carry out their duties * * * including but not limited to firearms." The arbitrator determined that the Sheriff "created an unusual and unsafe work condition by failing to provide firearms and proper training in connection with firearms for the Civil Bureau." The arbitrator noted that the typical duties of a civil deputy are, inter alia, to "enforce[ ] court orders of seizures, arrest and evictions, executions and attachments; when necessary, pursue[ ] offenders on foot, stop[ ] offenders and suspects using necessary force; * * * restrain[ ] combative, suicidal, argumentative or mentally disturbed people * * * search[ ] suspects, places and things; * * * seize[ ] and impound[ ] property and evidence and transport[ ] arrested persons and property." The arbitrator further noted that the equipment issued to civil deputies, i.e., bullet proof vests and handcuffs, "are not issued to people whose jobs put them at no risk or even slight risk." The arbitrator thus determined that it "would be irresponsible to deny [the] [c]ivil [d]eputies the equipment they need to meet the greatest threats to their safety."

"An agreement to submit to arbitration disputes arising out of a contract, once condemned by the judiciary of this State as tending to oust the courts of their jurisdiction * * *, is now favorably recognized as an efficacious procedure whereby parties can select their own nonjudicial forum for the 'private and practical' resolution of their disputes 'with maximum dispatch

and at minimum expense' " (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629). "[J]udicial intervention on public policy grounds constitutes a narrow exception to the otherwise broad power of parties to agree to arbitrate all of the disputes arising out of their juridical relationships, and the correlative, expansive power of arbitrators to fashion fair determinations of the parties' rights and remedies" (*Matter of New York City Tr. Auth. v Transport Workers Union of Am.*, 99 NY2d 1, 6-7). The narrow public policy exception applies only in " 'cases in which public policy considerations, embodied in statute or decisional law, prohibit, *in an absolute sense*, particular matters being decided or certain relief being granted by an arbitrator' " (*id.* at 7, quoting *Sprinzen*, 46 NY2d at 631). We further note that, in labor disputes such as this, an arbitrator is selected by both labor and management because of his or her expertise in the area of labor disputes, and both labor and management "trust in [the arbitrator's] personal judgment to bring to bear considerations which are not expressed in the contract * * *. The ablest judge cannot be expected to bring the same experience and competence to bear upon the determination of a grievance [in a labor dispute], because [the judge] cannot be similarly informed" (*United Steelworkers v Warrior & Gulf Nav. Co.*, 363 US 574, 582; *see New York City Tr. Auth.*, 99 NY2d at 8).

In denying the petition and granting the cross petition, the court determined that the arbitration award contravenes public policy because it invades the nondelegable, discretionary authority conferred on the Sheriff by the collective bargaining agreement and Judiciary Law § 400 to determine whether work will be accomplished with the aid of firearms. We conclude that the public policy consideration cited by the court does not meet the strict standards developed through case law for overturning such an award on public policy grounds (*see New York City Tr. Auth.*, 99 NY2d at 8). The reliance of respondent on Judiciary Law § 400 as the statutory authority for its contention that the arbitration award is violative of public policy is misplaced. Judiciary Law § 400 provides that, "[i]f a sheriff, to whom a mandate is directed and delivered, finds, or has reason to apprehend, that resistance will be made to the execution thereof, he may command all persons in his county, or as many as he thinks proper, and with *such arms as he directs*, to assist him in overcoming the resistance." (Emphasis added.) Contrary to respondent's contention, Judiciary Law § 400 does not prohibit the subject arbitration *"in an absolute sense"* (*New York City Tr. Auth.*, 99 NY2d at 7). Indeed, the subject arbitration involves matters relating to the general health and safety

of the civil deputies, an arbitrable dispute pursuant to the terms of the collective bargaining agreement. Moreover, Judiciary Law § 400 does not reserve to the Sheriff the nondelegable authority to decide the manner in which the health and safety of the civil deputies would be best protected. By their collective bargaining agreement, the parties agreed to submit to arbitration issues involving the health and safety of the civil deputies, and "[w]e must honor the choice of the parties to have their controversy decided in that forum" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 329). Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.