■ In the Matter of WEST GENESEE CENTRAL SCHOOL DISTRICT, Respondent-Appellant, v WEST GENESEE TEACHERS ASSOCIATION, Appellant-Respondent. [762 NYS2d 219] —Appeal and cross appeal from an order of Supreme Court, Onondaga County (Roy, J.), entered October 31, 2002, which, inter alia, granted the petition in part and vacated part of the arbitrator's award.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the petition seeking to vacate the second paragraph of the arbitrator's award insofar as it pertains to the propriety of mandatory summer workshops for teachers and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly granted that part of

the petition seeking to vacate the third paragraph of the arbitrator's award. "An arbitrator may not rewrite a contract by adding a new clause based upon past practices" (*Matter of Hunsinger v Minns*, 197 AD2d 871, 871 [1993]). We agree with the court that the arbitrator exceeded the express limitation on his power when he determined that the teachers' collective bargaining agreement requires a daily 40-minute morning preparation period (*see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 333 [1998]; *Matter of Franklin Cent. School Dist. [Franklin Teachers Assn.]*, 238 AD2d 848, 849 [1997]).

The court erred, however, in determining that, to the extent the award may be construed as prohibiting mandatory summer workshops for teachers, the arbitrator acted outside the scope of the matter submitted to him (*see* CPLR 7511 [c] [2]). "Particularly, in the arbitration of labor grievances, it is well settled that, unless limited by the plain terms of the submission, the arbitrator is empowered to grant any relief reasonably fitting and necessary to the final determination of the matter submitted to him" (*Matter of British Overseas Airways Corp. v International Assn. of Machinists & Aerospace Workers, AFL-CIO*, 39 AD2d 900, 901 [1972] [dissenting mem], *revd on dissenting mem* 32 NY2d 823 [1973]). We therefore modify the order by denying that part of the petition seeking to vacate the second paragraph of the arbitrator's award insofar as it pertains to the propriety of mandatory summer workshops for teachers.

Finally, we reject the contention of petitioner on its cross appeal that the arbitrator acted irrationally when he determined that, according to the terms of article VI (A) of the collective bargaining agreement, attendance at training sessions held before or after normal working hours cannot be mandated. That article provides in relevant part that, "except in emergencies and instances of staffing exigencies, and without prejudice to *voluntary* professional service above and beyond contract requirements, * * * [t]he workday shall be seven (7) hours and twenty (20) minutes in length" (emphasis added). Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.