Appeal from a judgment (denominated judgment and order) of Supreme Court, Erie County (Cosgrove, J.), entered January 15, 2003, which dismissed the CPLR article 78 petition on the merits.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking a judgment declaring that she had acquired tenure by estoppel as a teacher in the Buffalo public school system, voiding the termination of her appointment on May 22, 2002, and directing respondents to reinstate her to a full-time teaching position. Supreme Court dismissed the petition on the merits, and we affirm. The claims of petitioner that she attained tenure by estoppel by either September 1993, September 1994, or September 1995 are barred by the statute of limitations (see CPLR 217; see also Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974, 976 [1983], rearg denied 61 NY2d 905, 62 NY2d 803 [1984], cert denied 469 US 823 [1984]). We reject the contention of petitioner that her petition filed on August 30, 2002 is timely with respect to those claims because respondents’ determination denying her tenure did not become final and binding on her until May 22, 2002. With respect to the contentions of petitioner that she acquired tenure by estoppel in September 1993 or September 1994 (see generally Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 451), petitioner became aggrieved by respondents’ determinations concerning her tenure status, and thus the determinations became final and binding for purposes of the statute of limitations when she was appointed to probationary positions during those years. With respect to her contention that she acquired tenure by estoppel in September 1995, petitioner was aggrieved by respondents’ determination for purposes of the statute of limitations, at the earliest, when she was terminated on August 23, 1995, or at the latest, when an *914 arbitrator overturned the termination in January 1998 and reinstated petitioner for a final year of probationary service. The fact that petitioner was thereafter denied tenure in accordance with statutory procedure (see Education Law § 3012 [2]) is of no consequence to her contention concerning tenure by estoppel. Therefore, any claims of petitioner that she acquired tenure by estoppel prior to April 30, 2002 have been extinguished by the statute of limitations. We also reject the contention of petitioner that she acquired tenure by estoppel during the 2001-2002 academic year. Pursuant to a prior arbitration award, that academic year was to be petitioner’s final year of probationary teaching. At the end of that year, respondents lawfully terminated petitioner (see id.), and thus respondents did not permit her to continue to teach beyond the expiration of her probationary term (cf. Gould, 81 NY2d at 451). Present — Pigott, Jr., PJ., Pine, Hurlbutt, Kehoe and Hayes, JJ.