*946 Appeal from that part of an order of Supreme Court, Onondaga County (Roy, J.), entered February 18, 2003, that vacated portions of an arbitration award.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the cross application seeking to confirm that portion of the arbitration award directing petitioner to compensate second grade teachers who had attended workshops outside of their normal working hours at their effective hourly rate of pay and confirming that portion of the arbitration award and as modified the order is affirmed without costs.
Memorandum: Respondent appeals from an order of Supreme Court insofar as it vacates portions of an arbitration award dated August 5, 2002. After an arbitrator determined on a previous occasion that, under the parties’ collective bargaining agreement, petitioner cannot mandate that first grade teachers attend certain workshops outside of their normal working hours (see Matter of West Genesee Cent. School Dist. v West Genesee Teachers Assn., 307 AD2d 718 [2003]), petitioner mandated that second grade teachers attend similar workshops outside of their normal working hours. In response to that new mandate, respondent again filed a demand for arbitration and again an arbitrator determined that petitioner’s mandate violates the collective bargaining agreement.
We agree with respondent that the arbitrator did not exceed his authority under the collective bargaining agreement by directing petitioner to compensate teachers who had attended the workshops at their effective hourly rate of pay rather than at the rate of $20 per hour under article V (F) (2) of the agreement. The arbitrator’s apparent conclusion that article V (F) (2) applies only to voluntary workshops and not to those mandated by petitioner “constitute^] an interpretation of the agreement which was within his authority” (Matter of New York State Governor’s Off. of Empl. Relations [New York State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO], 242 AD2d 756, 757 [1997]; see generally Matter of Silverman [Benmor Coats], 61 NY2d 299, 308 [1984]; Azrielant v Azrielant, 301 AD2d 269, 275 [2002], lv denied 99 NY2d 509 [2003]). Neither article V (F) (2) nor any other provision of the agreement expressly restricts the range of authorized remedies under the circumstances here.
Contrary to respondent’s contention, however, the arbitrator exceeded his authority under the collective bargaining agree *947 ment by directing petitioner to pay the arbitrator’s fees and expenses and to reimburse respondent for the administrative fees that it paid. Article II (C) (4) (c) of the agreement provides that “fees and expenses of the arbitrator shall be shared equally” and, under article II (C) (4) (d), the arbitrator has “no power to add to, subtract from, or change any of the provisions of [the agreement].” We therefore modify the order by granting that part of the cross application seeking to confirm that portion of the award directing petitioner to compensate teachers who had attended the workshops at their effective hourly rate of pay and confirming that portion of the award. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.