■ In the Matter of Buffalo Teachers Federation, Inc., Appellant, v City School District of Buffalo, Respondent. [778 NYS2d 605]—

Appeal from a judgment and order (one paper) of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered March 6, 2003. The judgment and order denied the petition to confirm the arbitration award and granted the cross motion to vacate the arbitration award.

It is hereby ordered that the judgment and order so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted, the arbitration award is confirmed and the cross motion is denied.

Memorandum: We conclude that Supreme Court erred in denying the petition seeking to confirm the arbitration award and in granting respondent's cross motion seeking to vacate the award. Contrary to the court's determination, the arbitrator did not exceed her power in violation of CPLR 7511 (b) (1) (iii), nor did the award " 'contravene[ ] a strong public policy . . . involving an important constitutional or statutory duty or responsibility' " (*Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364, 372 [1997]). We also reject respondent's contention that the arbitrator's award was not a "final and definite award" (7511 [b] [1] [iii]). Thus, we see no legal impediment to confirming the arbitration award.

Nevertheless, we note our agreement with the court that confirming the arbitration award will have no effect on the complainant's employment with respondent. Upon finding that the complainant was terminated from her teaching position without just cause, the arbitrator directed that she be reinstated as a teacher for a final probationary year. That final probationary school year was from September 2001 to June 2002. From September 2001 to February 2002, the complainant, petitioner, and respondent tried to find a placement for the complainant, and she was paid a full salary during that time.

According to the record in *Matter of Vaupell v Cañedo* (1 AD3d 913 [2003]), an appeal by the complainant herein from a judgment entered in a CPLR article 78 proceeding commenced by her, a placement was found for the complainant in February 2002 but, after she taught for several days, she was placed on administrative leave because the placement was unsuitable in light of her medical requirements. The respondents in that proceeding, including respondent herein, offered to return the complainant to the classroom if she agreed to another year as a

probationary teacher, but the complainant refused that offer, informing those respondents that her final probationary year would be complete in June 2002. Because the complainant maintained that the 2001-2002 school year was her final probationary year, the respondents were entitled to make a tenure decision concerning the complainant. The respondent superintendent notified the complainant that she would not be recommending the complainant for tenure and, in May 2002, stated the same to the respondent board of education, which declined to grant the complainant tenure and, as we determined in the prior appeal, "lawfully terminated" her (*id.* at 914) in accordance with statutory procedure (*see* Education Law § 3012 [2]). Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Hayes, JJ.