◼ In the Matter of the Arbitration between CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, ERIE COUNTY WHITE COLLAR UNIT LOCAL #815, Respondent, and COUNTY OF ERIE, Appellant. [782 NYS2d 201]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered May 21, 2003. The order granted the petition to vacate the arbitration award and denied the cross petition to confirm the arbitration award.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is denied, the cross petition is granted and the arbitration award is confirmed.

Memorandum: Supreme Court erred in granting the petition seeking to vacate the arbitration award and in denying the cross petition seeking to confirm the award. Contrary to the court's determination, in interpreting provisions of the collective bargaining agreement governing the "Hours of Work" of public employees, the arbitrator did not exceed specific limits on his authority set forth in the arbitration agreement (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 302-303, 307-308 [1984]; *see also* CPLR 7511 [b] [1] [iii]; *Matter of Buffalo Teachers Fedn. v City School Dist. of Buffalo*, 8 AD3d 1040 [2004]). Nor is the award "violative of a strong public policy . . . [or] totally irrational" (*Matter of Board of Educ. of Dover Union Free School Dist. v Dover-Wingdale Teachers' Assn.*, 61 NY2d 913, 915 [1984]; *see Matter of Monroe County Deputy Sheriff's Assn. [Monroe County/Monroe County Sheriff]*, 300 AD2d 993, 995 [2002], *lv denied* 100 NY2d 505 [2003]). Moreover, the arbitrator's "interpretation of the agreement, not being completely irrational, is beyond the review power of the courts (*see, Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582 [1977])" (*Matter of Lackawanna City School Dist. [Lackawanna Teachers Fedn.]*, 237 AD2d 945, 945 [1997]). Present—Pine, J.P., Scudder, Kehoe and Hayes, JJ.