Fourth Department, March, 2007

(March 16, 2007)

■ In the Matter of the Arbitration between Rochester City School District, Appellant, and Rochester Teachers Association, NYSUT/AFT-AFL/CIO, et al., Respondents. [832 NYS2d 699]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered September 22, 2005 in a proceeding pursuant to CPLR article 75. The order denied the petition, granted the cross petition and confirmed the arbitration award.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 seeking to vacate an arbitration award. The stipulated issue before the arbitrator was "[w]hether [petitioner] breached the [collective bargaining] agreement [CBA] with [respondent Rochester Teachers] Association when it failed to advance incumbent teachers two steps on the salary scale after they obtained their Masters Degrees." Supreme Court properly denied the petition and granted respondents' cross petition seeking to confirm the award (*see generally Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). Contrary to petitioner's contention, the arbitrator did not exceed her authority in determining that, pursuant to a binding amendment to the CBA, incumbent teachers would advance two steps on the salary scale after obtaining their Master's degrees (*see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Erie County White Collar Unit Local #815 [County of Erie]*, 11 AD3d 1037 [2004]; *see also* CPLR 7511 [b] [1] [iii]; *Matter of Buffalo Teachers Fedn., Inc. v City School Dist. of Buffalo*, 8 AD3d 1040 [2004]). Here, the arbitrator merely resolved the stipulated issue before her (*see generally Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582-583 [1977]). "[T]he issue before this Court is not whether we agree with the arbitrator's assessment of the evidence [or] interpretation of the contract" (*Matter of New York State Correctional Officers & Police Benevolent Assn.*, 94 NY2d at 327). Indeed, "[a]n arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached' " (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006], *cert dismissed* — US —, 127 S Ct 34 [2006]). The arbitrator's "interpretation of the agreement, not being completely irrational, is beyond [our] review power" (*Matter of Lackawanna City School Dist. [Lackawanna Teachers Fedn.]*, 237 AD2d 945, 945 [1997]; *see generally Rochester City School Dist.*, 41 NY2d at 582).

All concur except Lunn, J., who is not participating, and Scudder, P.J., who dissents and votes to reverse in accordance with the following memorandum.

Scudder, P.J. (dissenting). I disagree with the majority that the arbitrator did not exceed her authority, and I therefore respectfully dissent. The collective bargaining agreement (CBA) between petitioner and respondent Rochester Teachers Association (Association) established a "Living Contract Committee"

(LCC). The LCC consisted of representatives from both petitioner and the Association and provided a means for ongoing discussions between the parties to resolve issues concerning the implementation and interpretation of the CBA. The LCC had the power to "amend [the CBA], provided that any substantive amendments shall be subject to internal ratification and approval procedures of [petitioner] and [the] Association." Pursuant to the CBA, newly hired teachers who had obtained a Master's degree prior to their start date would receive a two-step increase on the salary scale. The CBA also established a salary structure providing for salary increases at certain career junctures, e.g., after five years of employment, and also provided that teachers who obtained a Master's degree during the course of their employment would be entitled to tuition reimbursement. The CBA, however, did not provide a two-step increase on the salary scale for teachers who obtained a Master's degree during the course of their employment.

It is undisputed that members of the LCC representing the Association sent a memorandum to members of the LCC representing petitioner purporting to "confirm the agreement" between the parties providing that teachers who had not obtained a Master's degree prior to their start date would receive a two-step increase on the salary scale upon obtaining a Master's degree during the course of their employment. It is further undisputed that petitioner did not respond to the memorandum and that three such teachers were indeed given a two-step salary increase after obtaining their respective Master's degrees. The arbitrator found that the "LCC reached the claimed [agreement referred to in the memorandum] properly, pursuant to its charge under the [CBA]" and that petitioner "apparently applied the terms of that Agreement to some teachers." The arbitrator therefore determined that petitioner breached the CBA by failing to give teachers a two-step increase on the salary scale after they had obtained a Master's degree.

It is well established that "[a]n arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; *see* CPLR 7511 [b] [1] [iii]; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). The CBA provides that "[t]he arbitrator shall have no power or authority to make any decision which . . . adds to, deletes from, or in any way changes, alters, or modifies the terms of this Agreement." The CBA further provides that it

"may not be modified in whole or in part by parties except by an instrument in writing duly executed by both parties and no departure from any provision of this contract by either party or by members of the negotiating units shall be construed to constitute a continuing waiver of the right to enforce such provisions." In my view, the arbitrator exceeded her authority in disregarding the provision of the CBA requiring that any amendment to it be duly executed by both parties, and in modifying the CBA by providing that teachers obtaining a Master's degree during the course of their employment would receive a two-step increase on the salary scale (*see Matter of Albany County Sheriffs Local 775 of N.Y. State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO [County of Albany]*, 27 AD3d 979, 981 [2006]). Although it was within the arbitrator's authority to consider petitioner's past practice of giving three teachers a two-step increase on the salary scale in connection with the arbitrator's interpretation of the CBA (*see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 332 [1998]), in my view, the arbitrator improperly "[rewrote the CBA] by adding a new clause based upon [that] past practice[ ]" (*Matter of Hunsinger v Minns*, 197 AD2d 871, 871 [1993]; *see Matter of West Genesee Cent. School Dist. v West Genesee Teachers Assn.*, 307 AD2d 718, 719 [2003], *lv denied* 100 NY2d 516 [2003]). I therefore would reverse the order, grant the petition, vacate the arbitration award and deny respondents' cross petition seeking to confirm the award. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.