■ In the Matter of BUFFALO TEACHERS FEDERATION, INC., Respondent, v BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF BUFFALO, Appellant. [855 NYS2d 775]—

Appeal from a judgment of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered January 12, 2007. The judgment confirmed an arbitration award.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by denying the petition in part and granting the cross petition in part and vacating that part of the arbitration award with respect to the reinstatement of teachers and as modified the judgment is affirmed without costs.

Memorandum: Upon failing to obtain petitioner's agreement to the budget proposed by respondent in May 2005, respondent unilaterally adopted a resolution changing the four health insurance providers set forth in the parties' collective bargaining agreement to a single health insurance provider. Petitioner filed a grievance that same month seeking, inter alia, to prevent respondent from changing the terms of the collective bargaining agreement (CBA) with respect to health insurance providers. The Interim Superintendent of Schools for the City School District of the City of Buffalo (District) denied the grievance in June 2005, and the grievance then proceeded to arbitration. While the grievance proceeding was pending, the District's Executive Director for Human Resources advised a number of teachers that their positions were eliminated, effective August 31, 2005. The arbitrator issued an interim award in March 2006 in which he determined that respondent violated the CBA in unilaterally implementing the resolution in question, and the arbitrator retained jurisdiction "to receive further evidence at

additional hearings now scheduled to commence on April 11, 2006 and to determine what remedy, if any, is appropriate in this case." In his subsequent award issued in October 2006, the arbitrator directed, that effective January 1, 2007, the District shall cease its unilateral implementation of the resolution and "shall reinstate forthwith all teachers laid-off on September 1, 2005 . . . with seniority unimpaired, with 'make whole' monetary damages for back-pay and benefits from lay-off date to reinstatement date and with interest thereon calculated at the statutory judgement rate." Petitioner then commenced this proceeding seeking to confirm the award, and respondent cross-petitioned to vacate it. We conclude that Supreme Court properly confirmed that part of the award with respect to the resolution but erred in confirming that part of the award with respect to the reinstatement of the teachers, and we therefore modify the judgment accordingly.

It is well settled that an arbitration award may be vacated if it is irrational, violates a strong public policy, or " 'clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]). "An award is irrational if there is 'no proof whatever to justify the award' " (*Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 453 [2003]). Here, respondent contends that the part of the award concerning the resolution is irrational because the arbitrator ignored the evidence that respondent had attempted to replicate the health insurance benefits previously provided to petitioner's members. The arbitrator's decision issued in October 2006 establishes that the arbitrator did in fact consider whether respondent's replication efforts rendered any violation of the agreement merely "cosmetic" or "technical," and the arbitrator determined that, despite respondent's subsequent "extensive effort . . . to 'replicate' all of the choices, services and coverages provided by the literal language" of the CBA, respondent nevertheless violated the terms of the CBA by its initial "unilateral modification" of the CBA, rendering specific performance of the contract provision at issue the proper remedy. Contrary to respondent's further contention, the award is not irrational based on the arbitrator's reference to a Buffalo Fiscal Stability Authority (BFSA) document that was not made a part of the record of the arbitration proceeding. The arbitrator merely referred to that document in support of his conclusion that another effect of respondent's unilateral modification of the CBA was to deprive petitioner of the opportunity to negotiate a quid pro quo in return for agreeing to the modification.

Also contrary to respondent's contention, that part of the award with respect to the resolution is not violative of public policy. According to the test established by the Court of Appeals, an award violates public policy "where a court can conclude without engaging in any extended factfinding or legal analysis that a law prohibit[s], in an absolute sense, [the] particular matters [to be] decided . . . by [arbitration] . . . Second, an arbitrator cannot issue an award where the award itself violate[s] a well-defined constitutional, statutory or common law of this State" (*United Fedn. of Teachers*, 1 NY3d at 80 [internal quotation marks omitted]). There is no merit to respondent's contention that a court can conclude, without engaging in extended fact-finding or legal analysis, that a law prohibits the matter to be decided by the arbitrator with respect to the validity of the resolution, nor is there merit to respondent's contention that the award with respect to the resolution violates a constitutional or statutory duty of the state to provide a sound basic education to children (*see generally Campaign for Fiscal Equity v State of New York*, 100 NY2d 893 [2003]; *Campaign for Fiscal Equity v State of New York*, 86 NY2d 307 [1995]). Additionally, contrary to respondent's contention, the requirement of the BFSA Act that respondent submit a balanced budget is not a "well-defined" law of this state that was violated by the award with respect to the resolution (*United Fedn. of Teachers*, 1 NY3d at 80). Indeed, there are numerous ways in which respondent could have balanced its budget without adopting the resolution and unilaterally modifying the CBA by switching to a single health insurance provider. The BFSA Act does not provide explicit guidance concerning the manner in which respondent should balance its budget but, rather, it specifies that it must do so within a certain period of time (*see* Public Authorities Law § 3857). Absent some indication in the record that, because of the arbitrator's award, respondent will be unable to fund a budgetary item that is required pursuant to an explicit statute or regulation, we conclude that the arbitrator's award does not violate a public policy of this state.

We agree with respondent, however, that the arbitrator acted in excess of the power granted to him with respect to that part of the award concerning the teachers. "It is well settled that an arbitration award may be vacated if it exceeds a specifically enumerated limitation on an arbitrator's power[, and that] an arbitrator exceeds his or her authority by granting a benefit not recognized under a governing collective bargaining agreement" (*Matter of Kocsis [New York State Div. of Parole]*, 41 AD3d 1017, 1019 [2007]). Here, article V (D) (4) (c) of the CBA provides in

relevant part that "arbitrators shall limit their decisions strictly to the application and interpretation of the provisions of this contract, and shall be without power or authority to modify or amend it." Petitioner does not dispute that the CBA does not prohibit respondent from reducing its workforce, and we thus conclude that the arbitrator conferred a benefit on teachers to which they were not contractually entitled, i.e., a job security clause, and thereby modified the terms of the CBA in contravention of the explicitly enumerated limitation on his powers (*see Matter of Professional Trade Show Servs. v Licensed Ushers & Ticket Takers Local Union 176 of Serv. Empls., Intl. Union, AFL-CIO*, 262 AD2d 42, 44 [1999]; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Transport Workers Union of Am., AFL-CIO, Local 100]*, 227 AD2d 995 [1996], *appeal dismissed* 88 NY2d 964 [1996], *lv denied* 89 NY2d 806 [1997]). Present—Hurlbutt, J.P., Martoche, Lunn and Pine, JJ.