██ In the Matter of the Arbitration between BUFFALO TEACHERS FEDERATION, INC., Respondent, and BOARD OF EDUCATION OF BUFFALO CITY SCHOOL DISTRICT, Appellant. [890 NYS2d 225]—

Appeal from an order (denominated judgment) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered August 8, 2008 in a proceeding pursuant to CPLR article 75. The order, inter alia, granted the petition seeking to vacate an arbitration award.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the petition is denied, the cross petition is granted and the arbitration award is confirmed.

Memorandum: Respondent appeals from an order in this CPLR article 75 proceeding that, inter alia, granted the petition seeking to vacate an arbitration award and denied its cross petition to confirm the award. We reverse. Contrary to petitioner's contention, the arbitration award was not irrational, inasmuch as it cannot be said that "there is no proof whatever to justify the award" (*Matter of Buffalo Teachers Fedn., Inc. v Board of Educ. of City School Dist. of*, 50 AD3d 1503, 1505 [2008], *lv denied* 11 NY3d 708 [2008] [internal quotation marks omitted]). Indeed, "[a]n arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached' " (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006], *cert dismissed* 548 US 940 [2006]; *see also Buffalo Teachers Fedn., Inc.*, 50 AD3d at 1505). Here, the arbitrator determined that, although respondent violated its

collective bargaining agreement with petitioner by failing to provide petitioner with written notice of disciplinary proceedings against a tenured teacher, no remedy was warranted because petitioner had actual notice of the proceedings before the teacher's employment was terminated. Although the arbitration award referred to matters outside the record that was before the arbitrator, the arbitrator's conclusion that petitioner was aware of the disciplinary proceedings is not irrational because it is supported by documentary evidence that was in the record before the arbitrator (*see Buffalo Teachers Fedn., Inc.*, 50 AD3d at 1505). In fact, the record contains a stipulation by the parties that petitioner's grievance on behalf of the tenured teacher was dated July 10, 2003 but that respondent did not terminate the employment of the tenured teacher until July 16, 2003. Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.