■ In the Matter of the Arbitration Between Monroe County Sheriff's Office, Respondent, and Monroe County Deputy Sheriffs' Association, Inc., Appellant. [915 NYS2d 425]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered September 8, 2009 in a proceeding pursuant to CPLR article 75. The order and judgment vacated an arbitration award.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs, the petition is denied, the application is granted and the arbitration award is confirmed.

Memorandum: Respondent appeals from an order and judgment in this CPLR article 75 proceeding that granted the petition seeking to vacate an arbitration award. Contrary to respondent's contention, Supreme Court properly determined that the arbitrator exceeded his authority by adding an implied contract term to the collective bargaining agreement (CBA) based on petitioner's past practice. Although "[p]ast practices may be considered by an arbitrator . . . when interpreting a specific contractual provision . . . [, a]n arbitrator may not rewrite a contract by adding a new clause based upon past practices" (*Matter of Hunsinger v Minns*, 197 AD2d 871 [1993]; *see Matter of Good Samaritan Hosp. v 1199 Natl. Health & Human Servs. Empls. Union*, 69 AD3d 721 [2010]).

We agree with respondent, however, that the court erred in concluding that the arbitrator exceeded his authority by determining that petitioner's denial of paid release time requests submitted by members of respondent to prepare for upcoming contract negotiations with petitioner was unreasonable. We therefore reverse the order and judgment, deny the petition and grant respondent's application to confirm the arbitration award. Pursuant to the CBA, such requests for "[r]elease time for union business shall not be unreasonably denied" by petitioner. The arbitrator determined that petitioner's denial of the requests to keep overtime costs down was unreasonable absent evidence of "financial exigency." That determination was a proper exercise of the arbitrator's authority and did not, as the court concluded, add a "financial exigency" criterion to the reasonableness standard set forth in the CBA. We further agree with respondent that the arbitrator's reasonableness determination was not irrational inasmuch as "[a]n arbitration

award must be upheld when the arbitrator offer[s] even a barely colorable justification for the outcome reached" (*Matter of Rochester City School Dist. [Rochester Teachers Assn. NYSUT/AFT-AFL/CIO]*, 38 AD3d 1152, 1153, *lv denied* 9 NY3d 813 [2007] [internal quotation marks omitted]), and that is the case here. Present—Martoche, J.P., Centra, Fahey, Lindley and Sconiers, JJ.