# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1317**
**CA 12-01143**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN
PROFESSIONAL, CLERICAL, TECHNICAL, EMPLOYEES
ASSOCIATION, PETITIONER-RESPONDENT,

AND                                        MEMORANDUM AND ORDER

BOARD OF EDUCATION FOR BUFFALO CITY SCHOOL
DISTRICT, RESPONDENT-APPELLANT.

---

JAECKLE, FLEISCHMANN & MUGEL, LLP, BUFFALO (JAMES N. SCHMIT OF
COUNSEL), FOR RESPONDENT-APPELLANT.

BARTLO, HETTLER & WEISS, KENMORE (PAUL D. WEISS OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered October 7, 2011 in a proceeding pursuant to CPLR article 75.  The order and judgment, among other things, granted petitioner's application to vacate an arbitration award.

It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the petition is denied, the cross petition is granted and the arbitration award is confirmed.

Memorandum:  Petitioner, the negotiating representative for full-time, noninstructional staff employed by the Buffalo City School District, commenced this CPLR article 75 proceeding seeking to vacate an arbitration award in favor of respondent.  Respondent appeals from an order and judgment granting petitioner's application to vacate the arbitration award and denying respondent's cross petition to confirm the award.  We agree with respondent that Supreme Court erred in vacating the arbitration award inasmuch as it is not irrational and the arbitrator did not exceed a specific limitation on her authority.

It is well established that "an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534).  Thus, "a court may vacate an arbitration award only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*id.*; *see generally* CPLR 7511 [b] [1] [iii]).  "Outside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where 'an

arbitrator has made an error of law or fact' " (*Matter of Kowaleski
[New York State Dept. of Correctional Servs.]*, 16 NY3d 85, 91, quoting
*Falzone*, 15 NY3d at 534; *see Matter of United Fedn. of Teachers, Local
2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*,
1 NY3d 72, 79).  Indeed, an arbitrator's interpretation of a
collective bargaining agreement "may even disregard 'the apparent, or
even the plain, meaning of the words' of the contract before him [or
her] and still be impervious to challenge in the courts" (*Matter of
Albany County Sheriff's Local 775 of Council 82, AFSCME, AFL-CIO
[County of Albany]*, 63 NY2d 654, 656, quoting *Rochester City School
Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582).  As the Court of
Appeals explained, "Courts are bound by an arbitrator's factual
findings, interpretation of the contract and judgment concerning
remedies.  A court cannot examine the merits of an arbitration award
and substitute its judgment for that of the arbitrator simply because
it believes its interpretation would be the better one.  Indeed, even
in circumstances where an arbitrator makes errors of law or fact,
courts will not assume the role of overseers to conform the award to
their sense of justice" (*Matter of New York State Correctional
Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321,
326).

Of the three "narrow grounds" that may form the basis for
vacating an arbitration award (*United Fedn. of Teachers, Local 2, AFT,
AFL-CIO*, 1 NY3d at 79; *see Matter of New York City Tr. Auth. v
Transport Workers Union of Am., Local 100*, 14 NY3d 119, 123), only the
irrational and exceeding enumerated limitations grounds are at issue
here.  "An award is irrational if there is no proof whatever to
justify the award" (*Matter of Lucas [City of Buffalo]*, 93 AD3d 1160,
1164 [internal quotation marks omitted]; *see Matter of Buffalo Council
of Supervisors & Adm'rs, Local No. 10, Am. Fedn. of School Adm'rs
[Board of Educ. of City School Dist. of Buffalo]*, 75 AD3d 1067, 1068).
So long as an arbitrator "offer[s] even a barely colorable
justification for the outcome reached," the arbitration award must be
upheld (*Matter of Monroe County Sheriff's Off. [Monroe County Deputy
Sheriffs' Assn., Inc.]*, 79 AD3d 1797, 1799 [internal quotation marks
omitted]; *see Matter of Buffalo Teachers Fedn., Inc. [Board of Educ.
of Buffalo City School Dist.]*, 67 AD3d 1402, 1402).

An award may be set aside on the ground that an arbitrator
exceeded his or her power "only if the[ arbitrator] gave a completely
irrational construction to the provisions in dispute and, in effect,
made a new contract for the parties" (*Matter of National Cash Register
Co. [Wilson]*, 8 NY2d 377, 383; *see Rochester City School Dist.*, 41
NY2d at 583).  "The mere fact that a different construction could have
been accorded the provisions concerned and a different conclusion
reached does not mean that the arbitrator[] so misread those
provisions as to empower a court to set aside the award" (*National
Cash Register Co.*, 8 NY3d at 383; *see United Fedn. of Teachers, Local
2, AFT, AFL-CIO*, 1 NY3d at 82-83; *Matter of Albany County Sheriffs
Local 775 of N.Y. State Law Enforcement Officers Union, Dist. Council
82, AFSCME, AFL-CIO [County of Albany]*, 27 AD3d 979, 981).  Rather, so
long as the contractual language is "reasonably susceptible of the

construction given it by the arbitrator[]," a court may not vacate the award (*National Cash Register Co.*, 8 NY2d at 383; *see Albany County Sheriffs Local 775 of N.Y. State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO*, 27 AD3d at 981).

Here, the issue before the arbitrator was whether respondent's selection process in filling two vacancies in the newly-created title of Assistant Management Analyst (AMA) violated the collective bargaining agreement (CBA) between petitioner and respondent, and the arbitrator concluded that it did not. We conclude that the arbitrator's decision was neither irrational, i.e., wholly without supporting proof (*see Lucas*, 93 AD3d at 1164; *Buffalo Council of Supervisors & Adm'rs, Local No. 10, Am. Fedn. of School Adm'rs [Board of Educ. of City School Dist. of Buffalo]*, 75 AD3d at 1068), nor was it made in excess of her power (*see Matter of Rochester City School Dist. [Rochester Teachers Assn. NYSUT/AFT-AFL/CIO]*, 38 AD3d 1152, 1153, *lv denied* 9 NY3d 813). Article 23, § 1 (e) of the CBA provides that "[t]he arbitrator . . . shall limit his [or her] decision to the application and interpretation of the [CBA]" and that "[t]he decision of the arbitrator shall be final and binding upon the parties." Article 23, § 2 (g) further provides that the arbitrator lacks the power "to amend, modify, or delete any provision of th[e CBA]." The issue before the arbitrator primarily concerned her interpretation and application of article 22, § 1 (d) of the CBA, which provides as follows: "Should a new position or a permanent vacancy occur in a job title included in the bargaining unit which cannot be filled by reason of the absence of appropriate eligibility list, then in such case, an appropriate notice of the said opening shall be posted on all bulletin boards for a period of ten (10) working days, stating the job title, pay rate, job location, and necessary qualifications for the job. In filling the vacancy, *the employee with the greatest seniority among those who qualify in the judgment of the supervisor recommending the appointment shall be chosen*" (emphasis added).

In seeking to vacate the arbitration award, petitioner contended that the above provision of the CBA required respondent to select the most senior member of its bargaining unit who met the minimum qualifications for the AMA positions posted in respondent's recruitment bulletins, i.e., a bachelor's degree in business administration or public administration or an associate's degree in those fields plus two years of experience. Petitioner relied on the use of the term "employee" in the CBA——defined as "permanent, probationary, or provisional personnel, or those who have been in Board Service on a full time basis for six (6) consecutive months or more"——as opposed to the terms "candidate" or "applicant." Under petitioner's interpretation of the CBA, provided that one or more employees, i.e., members of petitioner, met the minimum qualifications for the AMA positions, respondent could not hire outside the bargaining unit.

Contrary to petitioner's interpretation, however, the arbitrator concluded that article 22, § 1 (d) of the CBA afforded the supervisor the authority to assess the qualifications of applicants and to make the final determination on whom to appoint to the relevant position.

The arbitrator relied upon the clause within that provision stating that "those who qualify *in the judgment of the supervisor recommending the appointment* shall be chosen" (emphasis added). The arbitrator disagreed with petitioner that seniority "trumps" the supervisor's discretion. She reasoned that, under petitioner's interpretation of the CBA, "any employee, meaning a member of the bargaining unit working in any department of the [Buffalo City School] District, could apply for any vacant position and be appointed if minimally qualified, regardless of the supervisor's judgment that he or she does not qualify to perform all the duties of the position. That argument is a misreading of the contract language." The arbitrator further concluded that the term "qualify" as used in the second sentence of article 22, § 1 (d) did not mean minimally qualified. According to the arbitrator, "[t]he language of the [CBA] does not obligate [respondent] to hire the most senior of the [bargaining unit] members who meets the minimum qualifications. Seniority would apply only if the supervisor's judgment finds two or more equally qualified candidates . . . Clear and unambiguous phrasing gives the supervisor ultimate authority."

Contrary to petitioner's contention, we conclude that the court erred in determining that the arbitrator's interpretation of the contract is "completely irrational" (*National Cash Register Co.*, 8 NY2d at 383; *see Rochester City School Dist.*, 41 NY2d at 583). The second sentence of article 22, § 1 (d) of the CBA does not state that respondent must appoint the most senior employee who meets the minimum or necessary qualifications for a vacant position, i.e., the minimum qualifications listed in the recruitment bulletins. Rather, as noted above, the applicable clause provides that, "[i]n filling the vacancy, the employee with the greatest seniority *among those who qualify in the judgment of the supervisor recommending the appointment* shall be chosen" (emphasis added). The language therefore is "reasonably susceptible of the construction given it by the arbitrator[]" (*National Cash Register Co.*, 8 NY2d at 383). Notably, article 6 of the CBA, which sets forth the rights of management, provides that, "except as herein specifically provided to the contrary, [respondent] and its administrative staff have the unquestioned right to exercise all normally accepted management prerogatives including," inter alia, "[t]o appoint such employees as it may require for the performance of its duties and responsibilities" and to "*fix and determine their qualifications*, duties, job titles and compensation" (emphasis added). That article therefore supports the arbitrator's determination that article 22, § 1 (d) grants the appointing supervisor the authority to determine the qualifications of candidates for a vacant position where there is no existing civil service eligibility list.

We further conclude that the court erred in determining that the arbitrator impermissibly modified the CBA by allowing respondent to choose from among all candidates or applicants for the AMA positions when the CBA refers only to "employees." Contrary to petitioner's contention, the arbitrator did not read the term "employees" out of the contract or replace that term with the term "applicants" or "candidates." Instead, the arbitrator interpreted the disputed provision to mean that respondent must provisionally appoint the most

senior employee only when, in the judgment of the applicable supervisor, two or more employees are qualified for the post.  That interpretation was a proper exercise of the arbitrator's authority and did not, as the court concluded, "re-writ[e]" the CBA (*see Monroe County Sheriff's Off.*, 79 AD3d at 1798; *see generally Albany County Sheriff's Local 775 of Council 82, AFSCME, AFL-CIO*, 63 NY2d at 656).  Here, although all four of the employee-applicants met the minimum educational qualifications as set forth in the recruitment bulletins, the supervisor determined that they were unqualified for the AMA positions because they were unable to utilize Excel computer software (Excel) to analyze financial data and make financial projections.  While one of the employee-applicants was "familiar" with Excel, she could not apply her Excel skills to the assigned task, and the remaining employee-applicants could not perform basic functions in Excel.  The appointing supervisor testified at the arbitration hearing that Excel is "required for about 99% of the job duties" of an AMA, and that testimony was unrefuted.  Because none of the employee-applicants was qualified in the judgment of the appointing supervisor, respondent hired two nonemployees who demonstrated their proficiency in using Excel.

Because we conclude that the arbitrator's interpretation of the agreement is not "completely irrational," her interpretation is beyond our power of review (*see Rochester City School Dist.*, 38 AD3d at 1153).  Thus, the arbitration award must be confirmed (*see Monroe County Sheriff's Off.*, 79 AD3d at 1798; *Buffalo Council of Supervisors & Adm'rs, Local No. 10, Am. Fedn. of School Adm'rs*, 75 AD3d at 1068-1069; *Buffalo Teachers Fedn., Inc.*, 67 AD3d at 1402-1403).

Entered:  February 1, 2013                      Frances E. Cafarell
                                                 Clerk of the Court