■ In the Matter of the Arbitration between CITY OF ROCHESTER, Respondent, and ROCHESTER POLICE LOCUST CLUB, Appellant. [19 NYS3d 836]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered June 23, 2014 in a proceeding pursuant to CPLR article 75. The order granted the petition and vacated an arbitration award.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: This CPLR article 75 proceeding arises from a determination by petitioner-respondent City of Rochester (City) denying a police sergeant's request for a vehicle to use on the job and take home. The City denied a grievance that respondent-petitioner Rochester Police Locust Club (Union) filed on behalf of the sergeant, and the matter proceeded to arbitration. The contractual provision in the collective bargaining agreement governing arbitration provides in relevant

part that "[t]he authority of the arbitrator shall be limited to matters of interpretation or application of the express provisions of this Agreement and the arbitrator shall have no power or authority to alter, add to or subtract from or otherwise modify the terms of this Agreement as written." After the arbitrator issued an award directing the City to provide the sergeant with a vehicle, the City commenced this proceeding seeking to vacate the arbitration award, and the Union cross-petitioned to confirm the award. The Union appeals from an order granting the petition and vacating the award. We affirm.

" 'It is well settled that an arbitration award may be vacated if it exceeds a specifically enumerated limitation on an arbitrator's power[,] [and that] an arbitrator exceeds his or her authority by granting a benefit not recognized under a governing collective bargaining agreement' " (*Matter of Buffalo Teachers Fedn., Inc. v Board of Educ. of City School Dist. of City of Buffalo*, 50 AD3d 1503, 1507 [2008], *lv denied* 11 NY3d 708 [2008]; *see Matter of Buffalo Professional Firefighters Assn., Inc., Local 282, IAFF, AFL-CIO-CLC v City of Buffalo*, 57 AD3d 1476, 1476 [2008]). Here, the provision at issue is contained in a memorandum of agreement between the City and the Union, which requires that the City provide a vehicle to, inter alia, police "investigator[s] who are assigned to the Major Crimes Unit." It is undisputed that the police sergeant who requested the vehicle is not an investigator, and that he is not assigned to the Major Crimes Unit. Nevertheless, the arbitrator concluded that the City must provide him with a take-home vehicle based solely on the City's past practice, which included providing such a vehicle to the two predecessors in his position. That was error. "Although '[p]ast practices may be considered by an arbitrator . . . when interpreting a specific contractual provision . . . [,] [a]n arbitrator may not rewrite a contract by adding a new clause based upon past practices' " (*Matter of Monroe County Sheriff's Off. [Monroe County Deputy Sheriffs' Assn., Inc.]*, 79 AD3d 1797, 1798 [2010]). Present—Scudder, P.J., Smith, Centra, Whalen and DeJoseph, JJ.