# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1219**
**CA 15-00546**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN
CITY OF ROCHESTER,
PETITIONER-RESPONDENT-RESPONDENT,

        AND                         MEMORANDUM AND ORDER

ROCHESTER POLICE LOCUST CLUB,
RESPONDENT-PETITIONER-APPELLANT.

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ERIC M. DOLAN OF
COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT.

T. ANDREW BROWN, CORPORATION COUNSEL, ROCHESTER (YVETTE CHANCELLOR
GREEN OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn
Frazee, J.), entered June 23, 2014 in a proceeding pursuant to CPLR
article 75. The order granted the petition and vacated an arbitration
award.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: This CPLR article 75 proceeding arises from a
determination by petitioner-respondent City of Rochester (City)
denying a police sergeant's request for a vehicle to use on the job
and take home. The City denied a grievance that respondent-petitioner
Rochester Police Locust Club (Union) filed on behalf of the sergeant,
and the matter proceeded to arbitration. The contractual provision in
the collective bargaining agreement (CBA) governing arbitration
provides in relevant part that "[t]he authority of the arbitrator
shall be limited to matters of interpretation or application of the
express provisions of this Agreement and the arbitrator shall have no
power or authority to alter, add to or subtract from or otherwise
modify the terms of this Agreement as written." After the arbitrator
issued an award directing the City to provide the sergeant with a
vehicle, the City commenced this proceeding seeking to vacate the
arbitration award, and the Union cross-petitioned to confirm the
award. The Union appeals from an order granting the petition and
vacating the award. We affirm.

" 'It is well settled that an arbitration award may be vacated if
it exceeds a specifically enumerated limitation on an arbitrator's
power[, and that] an arbitrator exceeds his or her authority by

granting a benefit not recognized under a governing collective bargaining agreement' " (*Matter of Buffalo Teachers Fedn., Inc. v Board of Educ. of City Sch. Dist. of City of Buffalo*, 50 AD3d 1503, 1507, *lv denied* 11 NY3d 708; *see Matter of Buffalo Professional Firefighters Assn., Inc., Local 282, IAFF, AFL-CIO-CLC v City of Buffalo*, 57 AD3d 1476, 1476). Here, the provision at issue is contained in a memorandum of agreement between the City and the Union, which requires that the City provide a vehicle to, inter alia, police "investigator[s] who are assigned to the Major Crimes Unit." It is undisputed that the police sergeant who requested the vehicle is not an investigator, and that he is not assigned to the Major Crimes Unit. Nevertheless, the arbitrator concluded that the City must provide him with a take-home vehicle based solely on the City's past practice, which included providing such a vehicle to the two predecessors in his position. That was error. "Although '[p]ast practices may be considered by an arbitrator . . . when interpreting a specific contractual provision . . . [, a]n arbitrator may not rewrite a contract by adding a new clause based upon past practices' " (*Matter of Monroe County Sheriff's Off. [Monroe County Deputy Sheriffs' Assn., Inc.]*, 79 AD3d 1797, 1798).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court